1  Gregg Roberts
2  43430 E Florida Ave F293
   Hemet CA 92544
3  951-330-4450
4  gregg@legalsupport-sc.com
   Assignee of Record and Judgment Creditor, Pro Se

5

6

7              UNITED STATES BANKRUPTCY COURT
8      CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

In re Armen Davidian,                    Case #1:25-bk-11688-MB
9
Debtor
10                                        Chapter 7

       Gregg Roberts,
11
       Assignee of Record and           Adv. No. _____
12     Judgment Creditor,

13     v.                                COMPLAINT FOR NONDISCHARGEABILITY
                                                OF DEBT UNDER
14     Armen Davidian,                   11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)

15     Debtor / Defendant                **(Fraud; Willful and Malicious Injury)**

16

17

18  **I.  JURISDICTION AND VENUE**

19  1.  This adversary proceeding is brought under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) to

20      determine the nondischargeability of a debt arising from fraud and willful and malicious

21      injury.

22  2.  The Court has jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) and 1334(b).
23
24  3.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

25  4.  Venue is proper under 28 U.S.C. § 1409(a).

26
COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

1

5.  Roberts does not consent to entry of final judgment by the Bankruptcy Court.

## II.  THE PARTIES

6.  Plaintiff Gregg Roberts is the Assignee of Record and current owner of the state-court judgment against Defendant.

7.  Defendant Armen Davidian ("Davidian") is the debtor in the above-captioned Chapter 7 case filed in this Court.

## III.  GENERAL ALLEGATIONS

*A.  The Retail Capital Loan and Davidian's Immediate Default*

8.  Prior to the bankruptcy filing, Davidian obtained financing from Retail Capital. He made only the first payment.

9.  When attempting to make a second payment, Davidian tendered a check that was returned for insufficient funds.

10. Within this same period, Davidian liquidated the entire balance of his business bank account.

*B.  The Suspicious Withdrawals: $276,070 in Round-Number Checks, Leaving the Account at Zero*

11. In March 2019, Davidian wrote a series of large checks drawn in round numbers and made other substantial withdrawals, totaling $276,070.00, leaving his bank account balance at precisely zero.

12. The pattern of withdrawals is inconsistent with ordinary business expenditures. Legitimate payroll, vendor, or contractor payments seldom consist of repeatedly rounded-off sums.

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

13. The timing of the withdrawals—immediately after receiving substantial funds and making only one repayment installment—demonstrates an intention to:

a) Remove the funds from reach of the lender, and

b) Avoid repayment from the outset.

14. An honest business person engaged in legitimate enterprise and intending to repay a loan would preserve sufficient reserves to service the debt for more than a single month.

15. Several of the aforementioned checks were made payable to businesses whose names indicate no connection to Davidian's then-current furniture business.

16. Instead, at least two of the payees' of those checks appear to be in the transportation business, specifically NB Transportation and Fly Venture Corporation. The May 2015 California Secretary of State Statement of Information of that latter business describes its "type of business" as "limousine service".

17. In his Original Petition, DE #1, p. 40, Davidian stated under penalty of perjury that he is employed as an Uber driver and by Lyft, another provider of point-to-point consumer transportation.

18. On information and belief, Davidian did not disclose any intention to use funds that he was requesting from Retail Capital to start, or become an investor in, a business unrelated to his furniture business.

19. On information and belief, Retail Capital would not have loaned Davidian the money, had it been informed of Davidian's true intentions for the use of the funds.

20. The above-described conduct is consistent with an intent not to repay at the time of borrowing, which constitutes fraud under § 523(a)(2)(A).

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

*C. The Infusion of Ill-Gotten Gains into the Homestead*

21. On information and belief, Davidian invested these fraud-tainted funds into improvements or equity-enhancing expenditures relating to the real property located at 8517 Marklein Avenue, North Hills, CA 91343 ("the Property").

22. California law is clear that fraud-tainted funds cannot be shielded by a homestead exemption. Judicial authority holds:

   a) "A homestead may ... be successfully attacked ... where money fraudulently obtained ... is invested in and constitutes part of the homestead." *Duhart v. O'Rourke*, 99 Cal. App. 2d 277, 280 n.1 (1950).

   b) A debtor "could not make a void title good by filing a declaration of homestead." *Ohio Electric Car Co. v. Duffet*, 48 Cal. App. 674, 679 (1920).

   c) Courts will not "preserve to [a debtor] the fruits of the fraud," nor permit one to "reap the fruit of fraud." *Parker v. Riddell*, 41 Cal. App. 2d 908, 915–16 (1940).

   d) "Courts have added those cases where money has been obtained by fraud and used to acquire the homestead." *Schoenfeld v. Norberg*, 267 Cal. App. 2d 496, 498–99 (1968).

   e) Fraudulently obtained funds traced into a homestead render the exemption ineffective. *Nicolos v. Grover*, 186 Cal. App. 3d 858, 861–63, 875 (1986).

   f) Under Cal. Civ. Code § 2224, "[o]ne who gains a thing by fraud ... is ... an involuntary trustee of the thing gained." This applies equally in bankruptcy via constructive trust doctrine, as recognized in *In re Golden Triangle Capital, Inc.*, 171 B.R. 79 (B.A.P. 9th Cir. 1994).

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

23. Thus, the underlying debt is not only nondischargeable; the proceeds of the fraud give rise to equitable interests enforceable against the Property.

24. Roberts timely objected to the claimed amount of the homestead exemption, DE #19-1, and asked the Court to defer a ruling on the amount of the exemption pending resolution of the claims in this adversary proceeding.

## IV.  FIRST CLAIM FOR RELIEF

*NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A) – (Fraudulent Inducement; False Pretenses; Actual Fraud)*

25. Roberts realleges all preceding paragraphs as though fully set forth herein.

26. To establish nondischargeability under § 523(a)(2)(A), a creditor must prove:

    a.  misrepresentation, fraudulent omission, or deceptive conduct;

    b.  knowledge of falsity;

    c.  intent to deceive;

    d.  justifiable reliance; and

    e.  resulting damage.

27. At the time Davidian obtained funds from Retail Capital, he never intended to repay them. His conduct immediately after receipt—making one payment, attempting a dishonored second payment, and then liquidating $276,070 in irregular round-number checks—demonstrates a preconceived plan not to fulfill the payment obligations.

28. The Ninth Circuit recognizes that fraudulent intent may be inferred from circumstantial evidence, particularly where the debtor's conduct is inconsistent with an honest business purpose.

---

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

29. Davidian's use of fraudulently obtained funds to enhance equity in his homestead further supports the inference of intent to deceive.

30. Roberts (through Retail Capital) relied on Davidian's representations regarding his intended use of funds and ability and intent to repay.

31. Roberts suffered damages equal to the unpaid balance of the debt.

32. The debt is therefore nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## V. SECOND CLAIM FOR RELIEF

*NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6) – (Willful and Malicious Injury)*

33. Roberts realleges the preceding paragraphs as though fully set forth herein.

34. The Ninth Circuit's standard for willful and malicious injury is articulated in *Carrillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir. 2002).

35. Under Su, "willful" requires a subjective intent to injure or a subjective belief that injury is substantially certain to occur. "Malicious" requires conduct that is wrongful and without just cause or excuse, done intentionally.

36. Davidian's conduct satisfies both elements:

   a. Willful: By diverting the lender's funds for non-business purposes, and/or starting a business or investing in a business that was different than the business in which he had substantial experience—immediately draining the account, and refusing repayment—Davidian knew with substantial certainty that he was causing financial injury.

   b. Malicious: His actions were intentional, wrongful, and "without just cause or excuse." *(Su, supra.)*

---

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

37. The same evidence establishing fraud under § 523(a)(2)(A) supports a finding of willful and malicious injury under § 523(a)(6).

38. The debt owed to Roberts is therefore nondischargeable under § 523(a)(6).

## VI.   THIRD CLAIM FOR RELIEF

*REDUCTION IN AMOUNT OF HOMESTEAD EXEMPTION IN THE SAME AMOUNT AS FUNDS ACQUIRED THROUGH FRAUD OR WILLFUL AND MALICIOUS INJURY, AND PLACED INTO THE HOMESTEAD THROUGH MORTGAGE OR CONSTRUCTION IMPROVEMENTS, AND ESTABLISHMENT OF CONSTRUCTIVE TRUST PERTAINING TO THOSE FUNDS.*

39. The debtor obtained money through fraud or other wrongful conduct.

40. Those funds were used to acquire, improve, or pay down the homestead.

41. A traceable connection exists between the ill-gotten funds and the homestead equity.

42. Equity demands that the debtor not be permitted to "reap the fruits of the fraud."

## VII.   PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

    a.  Declaring the debt owed to Plaintiff Nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

    b.  Imposing a constructive trust or equitable lien on any fraud-tainted equity or proceeds, to the extent traceable;

    c.  Awarding attorney's fees and costs to the extent permitted by applicable contract or law; and granting such other and further relief as the Court deems just and proper.

---

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

1

2   Dated: 12/8/2025

3

4   Respectfully submitted,

5

6   *Gregg Roberts*

7   Gregg Roberts
    Assignee of Record and Judgment Creditor, Pro Se
8   43430 E Florida Ave F293
    Hemet CA 92544
9   951-330-4450
10  gregg@legalsupport-sc.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6)
(Fraud; Willful and Malicious Injury)

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Gregg Roberts | Armen Davidian |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Pro Se, 43430 E Florida Ave F293 Hemet CA 92544 | Unknown 8517 Mavkkin Ave North Hills CA 91343 |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    □ Other<br>□ Trustee | ☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

11 US 523(a)(2)(A) and (a)(6), and Constructive Trust

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- □ 11-Recovery of money/property - §542 turnover of property
- □ 12-Recovery of money/property - §547 preference
- □ 13-Recovery of money/property - §548 fraudulent transfer
- □ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- □ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- □ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- □ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- □ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- □ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- □ 61-Dischargeability - §523(a)(5), domestic support
- ☑ 68-Dischargeability - §523(a)(6), willful and malicious injury
- □ 63-Dischargeability - §523(a)(8), student loan
- □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- □ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- □ 71-Injunctive relief – imposition of stay
- □ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- □ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- □ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- □ 01-Determination of removed claim or cause

**Other**
- □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 150,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Armen Davidian | BANKRUPTCY CASE NO.<br>1:25-bk-11688-MB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central California | DIVISION OFFICE<br>San Fernando | NAME OF JUDGE<br>Barash | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>*Gregg Roberts* (signature) | | | |
| DATE<br>12/8/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Gregg Roberts | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.