Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br><br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | Case #1:25-bk-11688-MB<br><br>Chapter 7<br><br>Adv. No. #1:25-ap-01080-MB<br><br>**FIRST AMENDED COMPLAINT:**<br>**1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS** |

## I. JURISDICTION AND VENUE

1. This adversary proceeding is brought under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) to determine the nondischargeability of a debt arising from fraud and willful and malicious

injury, and under 11 U.S.C. §§ 727(a)(3), (a)(4), and (a)(5) to determine whether discharge should be revoked for, respectively, failing to preserve records, making false oaths or accounts, and failing to satisfactorily explain loss of assets to meet the debtor's liabilities.

2. The Court has jurisdiction under 28 U.S.C. §§ 157(b)(2)(I) and 1334(b).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

4. Venue is proper under 28 U.S.C. § 1409(a).

5. Roberts does not consent to entry of final judgment by the Bankruptcy Court.

6. Defendant's Answer was allegedly served on December 29, 2025, although the envelope in which it arrived was postmarked January 6, 2026. Plaintiff's 21-day amendment period for filing as a matter of right under Rule 15(a)(1)(B), plus three additional days under Rule 6(d), expires on January 22, 2026. Accordingly, this First Amended Complaint is timely filed.

## II. THE PARTIES

7. Plaintiff Gregg Roberts is the Assignee of Record and current owner of the state-court judgment against Defendant.

8. Defendant Armen Davidian ("Davidian") is the debtor in the above-captioned Chapter 7 case filed in this Court.

## III. GENERAL ALLEGATIONS

*A. The Retail Capital Loan and Davidian's Immediate Default*

9. Prior to the bankruptcy filing, in early 2019, Davidian obtained financing from Retail Capital. He made only the first payment.

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

10. Davidian's purported second payment was returned for insufficient funds or account closure.

11. Davidian never made good on the second payment and never made any additional payments.

B.  *Suspicious Withdrawals: $276,070 in Round-Number Checks, Leaving the Account at Zero*

12. In March 2019, Davidian wrote a series of large checks drawn in round numbers and made other substantial withdrawals, totaling $276,070.00, leaving his bank account balance at precisely zero.

13. The pattern of withdrawals is inconsistent with ordinary business expenditures. Legitimate payroll, vendor, or contractor payments seldom consist of repeatedly rounded-off sums.

14. In conferral through counsel, Davidian admitted to not having kept or preserved invoices from the alleged vendors to whom the above-described checks were written.

15. The timing of the withdrawals—immediately after receiving substantial funds and making only one repayment installment—demonstrates an intention to remove the funds from reach of the lender and avoid repayment from the outset.

16. An honest business person intending to repay a loan would preserve sufficient reserves to service the debt for more than a single month.

17. Several of the aforementioned checks were made payable to businesses whose names indicate no connection to Davidian's then-current furniture business.

18. Instead, at least two of the payees' of those checks appear to be in the transportation business, specifically NB Transportation and Fly Venture Corporation. The May 2015 California Secretary of State Statement of Information of that latter business describes its "type of business" as "limousine service".

---

19. In his Original Petition, DE #1, p. 40, Davidian stated under penalty of perjury that he is employed as an Uber driver and by Lyft, another provider of point-to-point consumer transportation.

20. On information and belief, Davidian did not disclose any intention to use funds that he was requesting from Retail Capital to start, or become an investor in, a business unrelated to his furniture business.

21. On information and belief, Retail Capital would not have loaned Davidian the money, had it been informed of Davidian's true intentions for the use of the funds.

22. The above-described conduct is consistent with an intent not to repay at the time of borrowing, which constitutes fraud under § 523(a)(2)(A).

C. *The Infusion of Ill-Gotten Gains into the Homestead*

23. On information and belief, Davidian invested these fraud-tainted funds into improvements or equity-enhancing expenditures relating to the real property located at 8517 Marklein Avenue, North Hills, CA 91343 ("the Property").

24. California law is clear that fraud-tainted funds cannot be shielded by a homestead exemption. Judicial authority holds:

   a) "A homestead may … be successfully attacked … where money fraudulently obtained … is invested in and constitutes part of the homestead." *Duhart v. O'Rourke*, 99 Cal. App. 2d 277, 280 n.1 (1950).

   b) A debtor "could not make a void title good by filing a declaration of homestead." *Ohio Electric Car Co. v. Duffet*, 48 Cal. App. 674, 679 (1920).

---

c) Courts will not "preserve to [a debtor] the fruits of the fraud," nor permit one to "reap the fruit of fraud." *Parker v. Riddell*, 41 Cal. App. 2d 908, 915–16 (1940).

d) "Courts have added those cases where money has been obtained by fraud and used to acquire the homestead." *Schoenfeld v. Norberg*, 267 Cal. App. 2d 496, 498–99 (1968).

e) Fraudulently obtained funds traced into a homestead render the exemption ineffective. *Nicolos v. Grover*, 186 Cal. App. 3d 858, 861–63, 875 (1986).

f) Under Cal. Civ. Code § 2224, "[o]ne who gains a thing by fraud … is … an involuntary trustee of the thing gained." This applies equally in bankruptcy via constructive trust doctrine, as recognized in *In re Golden Triangle Capital, Inc.*, 171 B.R. 79 (B.A.P. 9th Cir. 1994).

25. Thus, the underlying debt is not only nondischargeable; the proceeds of the fraud also give rise to equitable interests enforceable against the Property.

26. Roberts timely objected to the claimed amount of the homestead exemption – DE #19-1 – and asked the Court to defer a ruling on the amount of the exemption pending resolution of the claims in this adversary proceeding.

27. At the hearing on January 9, 2026, the Court stated that one or more of the claims for relief in the original Complaint were duplicative of Roberts' objection to the exemption, and ordered that the latter proceeding be subsumed under and litigated as part of this action.

D. *Davidian Allegedly Took Out a Second, Larger Loan from an Insider at the Time of the Default*

28. On March 21, 2019, at Recording #2019-0251159, a Deed of Trust issued by Davidian as Trustor was recorded with the Los Angeles Registrar-Recorder in the amount of $300,000,

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

with Narine Stepanyan as the Trustee and Beneficiary. Under "WHEN RECORDED MAIL TO," the Deed of Trust states "Narine Stepanyan, 8517 Marklein Avenue, North Hills CA 91343, the same address as the Davidian residence for which he claimed the homestead exemption, and where he still lives.

29. The alleged debt for which the Deed of Trust allegedly provided security was acknowledged by Davidian but was described as Disputed in his original petition, DE #1 at 23 ("Disputed Lien (Complaint for Quiet Title) Recorded 3/21/2019").

30. As of January 8, 2026, Los Angeles Superior Court records did not contain a lawsuit filed by Davidian against Stepanyan for quiet title or for any other cause of action.

31. Narine Stepanyan's name appears as the same person who signed the proof of service of Davidian's Answer on Roberts, as to the original Complaint in this action.

32. Narine Stepanyan's address is given on the proof of service as 8517 Marklein Avenue, North Hills CA 91343, again the same address as Davidian's home address, and the same address given for Ms. Stepanyan in DE #1 at 23, cited above.

33. It defies logic that a bona fide creditor would do Davidian the favor of serving as his process server at the same time that he is disputing the validity of a six-figure debt to that creditor.

34. The above facts support a reasonable inference that Ms. Stepanyan is an "insider" with respect to Davidian.

35. The above facts support a reasonable inference that Stepanyan might have colluded with Davidian to create a sham encumbrance on his homestead with the intent to frustrate and defeat the genuine creditor Retail Capital.

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

36. If, on the other hand, the Stepanyan loan was genuine, that creates a need for an explanation of why Davidian used none of the funds from that loan to continue repaying the Retail Capital loan.

37. In conferral with Roberts, Davidian never mentioned the Stepanyan "loan," and certainly offered no explanation as to what happened to the additional funds that that loan would have given Davidian to work with.

E.  *Davidian Provided Untenable Explanations for the Loss of Assets at the Time of the Default*

38. Under penalty of perjury, Davidian blamed the COVID-19 pandemic, which occurred in 2020, for his failure to continue making the agreed loan repayments to Retail Capital in 2019:

> 3. I borrowed money from the original creditor to support my business at the time. I had a DBA business called GS Custom Bar & Furniture.  I would make custom furniture for trucks, restaurants and bars.   During the pandemic, my business stopped, and client orders dried up and led to me practically losing my business.
>
> *Declaration of Debtor in Support of Opposition to Objection*, main case #25-bk-11688-MB, DE #26, 5:7-10.

39. Davidian further blamed the emptying and closure of his Bank of America account on Bank of America: "The bank for the business account informed me that the account would be closed and wrote the final checks to vendors.  The account was closed by the bank the next month." *Id.*, 5:11-13. However, he never explained why Bank of America would want to close the account of a customer with nearly $300,000 in the account, why the checks were written in round numbers, where the Bank of America checks that he wrote to himself and to the

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

fictitious name of his furniture business totaling $60,000 were deposited, or why none of that money was used to continue making the agreed loan repayments to Retail Capital.

40. The Bank of America document that Davidian provided in alleged support for this explanation did not say that the account would be closed, and the document was dated after all the round-numbered withdrawals had already reduced the account balance to zero.

41. In the same Declaration, Davidian further stated "I used [the Retail Capital loan] on the business. The money was paid to vendors." 5:13. However, among the checks in questions was a $10,000 check to himself as payee, and two checks to the fictitious name of his furniture business totaling $50,000. Moreover, checks to NB Transportation and Fly Venture Corporation, mentioned in para 16 above, totaled $78,170.

42. Not only did Davidian fail to explain the loss of the Retail Capital loan money, but as stated above he also failed to explain the loss of the $300,000 allegedly loaned to him by Stepanyan contemporaneously with the Retail Capital default.

## IV.   FIRST CLAIM FOR RELIEF

*NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(2)(A) – (Fraudulent Inducement; False Pretenses; Actual Fraud)*

43. Roberts realleges all preceding paragraphs as though fully set forth herein.

44. To establish nondischargeability under § 523(a)(2)(A), a creditor must prove:

   a. misrepresentation, fraudulent omission, or deceptive conduct;

   b. knowledge of falsity;

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

c. intent to deceive;

d. justifiable reliance; and

e. resulting damage.

45. At the time Davidian obtained funds from Retail Capital, he never intended to repay them. His conduct immediately after receipt—making one payment, attempting a dishonored second payment, and then liquidating $276,070 in irregular round-number checks—demonstrates a preconceived plan not to fulfill the payment obligations.

46. The Ninth Circuit recognizes that fraudulent intent may be inferred from circumstantial evidence, particularly where the debtor's conduct is inconsistent with an honest business purpose.

47. Davidian's use of fraudulently obtained funds to enhance equity in his homestead further supports the inference of intent to deceive.

48. Roberts (through Retail Capital) relied on Davidian's representations regarding his intended use of funds and ability and intent to repay.

49. Roberts (through Retail Capital) suffered damages equal to the unpaid balance of the debt.

50. The debt is therefore nondischargeable under 11 U.S.C. § 523(a)(2)(A).

V.  **SECOND CLAIM FOR RELIEF**

*NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(6) – (Willful and Malicious Injury)*

51. Roberts realleges the preceding paragraphs as though fully set forth herein.

52. The Ninth Circuit's standard for willful and malicious injury is articulated in *Carrillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir. 2002).

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

53. Under *Su*, "willful" requires a subjective intent to injure or a subjective belief that injury is substantially certain to occur. "Malicious" requires conduct that is wrongful and without just cause or excuse, done intentionally.

54. Davidian's conduct satisfies both elements:

    a. Willful: By diverting the lender's funds for non-business purposes, and/or starting a business or investing in a business that was different than the business in which he had substantial experience—immediately draining the account, and refusing repayment— Davidian knew with substantial certainty that he was causing financial injury.

    b. Malicious: His actions were intentional, wrongful, and "without just cause or excuse." (*Su*, *supra*.).

55. Essentially the same evidence adduced here, establishing fraud under § 523(a)(2)(A), also supports a finding of willful and malicious injury under § 523(a)(6).

56. Roberts (through Retail Capital) suffered damages equal to the unpaid balance of the debt.

57. The debt owed to Roberts is therefore nondischargeable under § 523(a)(6).

## VI. THIRD CLAIM FOR RELIEF

*ESTABLISHMENT OF CONSTRUCTIVE TRUST PERTAINING TO FUNDS ACQUIRED THROUGH FRAUD OR WILLFUL AND MALICIOUS INJURY, AND PLACED INTO THE HOMESTEAD THROUGH MORTGAGE OR CONSTRUCTION IMPROVEMENTS, AND REDUCTION IN AMOUNT OF HOMESTEAD EXEMPTION IN THE SAME AMOUNT*

58. Roberts realleges the preceding paragraphs as though fully set forth herein.

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

59. The debtor obtained money through fraud or other wrongful conduct.

60. Those funds were used to acquire, improve, or pay down the homestead.

61. A traceable connection exists between the ill-gotten funds and the homestead equity.

62. Equity demands that the debtor not be permitted to "reap the fruits of the fraud."

63. Equity further demands not only that the debtor's exemption be reduced by the amount of the ill-gotten gains, but also that any such funds placed into the homestead be disgorged to Roberts along with the mortgage interest "saved".

64. To the extent that the ill-gotten funds were invested elsewhere than the homestead, those funds and their gains must also be disgorged to Roberts.

## VII. FOURTH CLAIM FOR RELIEF

*REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS – 11 USC 727(a)(3)*

65. Roberts realleges the preceding paragraphs as though fully set forth herein.

66. Davidian has concealed, destroyed, mutilated, falsified, or failed to keep or preserve certain recorded information, including books, documents, records, and papers, from which his financial condition or business transactions might have been ascertained.

67. Such act or failure to act was not justified under all of the circumstances of the case.

## VIII. FIFTH CLAIM FOR RELIEF

*REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS – 11 USC 727(a)(5)*

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

68. Roberts realleges the preceding paragraphs as though fully set forth herein.

69. Davidian has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, a loss of assets or deficiency of assets to meet his liabilities.

## IX. SIXTH CLAIM FOR RELIEF

*REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS – 11 USC 727(a)(4)*

70. Roberts realleges the preceding paragraphs as though fully set forth herein.

71. Each of Davidian's statements as documented in Section E above were made knowingly and fraudulently.

72. Each of Davidian's statements as documented in Section E above were made in or in connection with the case.

73. Each of Davidian's statements as documented in Section E above were false.

74. Each of Davidian's statements as documented in Section E above were made under oath.

## X. PRAYER FOR RELIEF

75. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment:

   a. Declaring the debt owed to Plaintiff nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6);

   b. Imposing a constructive trust or equitable lien on any fraud-tainted equity and proceeds;

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS

c. Sustaining Roberts' objection to Davidian's claim of exemption in his homestead to the extent of fraud-tainted equity in the homestead;

d. Revoking discharge under one or more of the claims alleged here under 11 USC 727;

e. Awarding attorney's fees and costs to the extent permitted by applicable contract or law; and

f. Granting such other and further relief as the Court deems just and proper.

Dated this 20th day of January, 2026.

Respectfully submitted,

_____
[signature: Gregg Roberts]

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se
43430 E Florida Ave F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com

---

FIRST AMENDED COMPLAINT:
1. NONDISCHARGEABILITY OF DEBT FOR FRAUD; 2. WILLFUL AND MALICIOUS INJURY; 3. CONSTRUCTIVE TRUST; 4. REVOCATION OF DISCHARGE FOR FAILURE TO PRESERVE RECORDS; 5. REVOCATION OF DISCHARGE FOR FAILURE TO EXPLAIN LOSS OF ASSETS; AND 6. REVOCATION OF DISCHARGE FOR FALSE OATHS OR ACCOUNTS