Gregg Roberts

43430 E Florida Ave F-293

Hemet CA 92544

951-330-4450

gregg@legalsupport-sc.com

Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian, | Case #1:25-bk-11688-MB |
| Debtor | Chapter 7 |
| | Adv. No. #1:25-ap-01080-MB |
| Gregg Roberts, | |
| Assignee of Record and Judgment Creditor, | **NOTICE OF MOTION, AND MOTION FOR RELIEF FROM ORDER DETERMINING FIRST AMENDED COMPLAINT UNTIMELY** |
| v. | **FRBP 9024 / FRCP 60(b), FRBP 9006(f) / FRCP 6(d), and FRBP 7015 / FRCP 7015** |
| Armen Davidian, | |
| Debtor / Defendant | No Hearing Requested |
| | Judge: Hon. Martin R. Barash |

**TO DEFENDANT ARMEN DAVIDIAN AND THIS HONORABLE COURT:**

PLEASE TAKE NOTICE that Plaintiff Gregg Roberts ("Plaintiff"), appearing pro se, will and

hereby does move this Court for relief from the Court's ruling made on February 12, 2026,

pursuant to Federal Rule of Bankruptcy Procedure 9024, incorporating Federal Rule of Civil

Procedure 60(b)(1).

Plaintiff seeks an order vacating the Court's determination that Plaintiff's First Amended Complaint was untimely, and recognizing that the First Amended Complaint, filed January 21, 2026, was timely filed as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B), as made applicable by Federal Rule of Bankruptcy Procedure 7015, and Federal Rule of Bankruptcy Procedure 9006(f).

This motion is based on the grounds that the Court's ruling rested on a legal error, namely the conclusion that the three-day extension for service by mail does not apply in bankruptcy proceedings. On the contrary, Federal Rule of Bankruptcy Procedure 9006(f) expressly provides for such an extension where a party must act within a specified time after service.

This motion is based on this Notice, the accompanying Motion, the pleadings and papers on file in this action, and such further evidence and argument as may be presented to the Court.

Pursuant to Local Bankruptcy Rule 9013-1(o), no hearing is requested at this time.

Any opposition to this motion must be filed and served within fourteen (14) days of service of this motion. If no timely opposition is filed, the Court may grant the motion without further notice or hearing.

If opposition is timely filed, Plaintiff may set the matter for hearing in accordance with the Local Bankruptcy Rules.

This Motion requests reversal of the Court's ruling of February 12, 2026. This motion, being brought less than 45 days after the Court's ruling, is being brought within a "reasonable time" pursuant to FRBP 9024 / FRCP 60(b).

**I. INTRODUCTION**

1.   Plaintiff Gregg Roberts respectfully moves for relief from the Court's February 12, 2026 ruling that Plaintiff's First Amended Complaint ("FAC") was untimely.

2.   The ruling was based on the premise that the three-day mailing extension under Federal Rule of Civil Procedure 6(d) does not apply in bankruptcy proceedings.

3.   However, Federal Rule of Bankruptcy Procedure 9006(f) expressly provides an equivalent three-day extension where a party must act within a specified time after service and service is made by mail.

4.   Because Rule 15(a)(1)(B) measures the amendment period from service of a responsive pleading, Rule 9006(f) applies. When properly calculated, Plaintiff's FAC—filed January 21, 2026—was timely as a matter of right.

5.   Accordingly, Plaintiff seeks relief under Rule 60(b)(1) / FRBP 9024. In the alternative, Plaintiff seeks leave to file the attached proposed Second Amended Complaint.

**II. PROCEDURAL BACKGROUND**

6.   Plaintiff filed the original Complaint on December 8, 2025.

7.   Defendant served an Answer by mail, allegedly on December 29, 2025.

8.   The envelope containing the Answer was postmarked January 6, 2026. It is far outside normal procedures of the United States Postal Service for an envelope to be postmarked that many days after the envelope was placed into the mail. It is accordingly likely that the proof

of service incorrectly stated—intentionally or otherwise—the date when the envelope was placed into the custody of the USPS. Service was most likely performed several days *after* December 29, in an attempt to deprive Plaintiff of time to respond to the Answer through a motion to strike, a motion for a more definite statement, etc.

9. Under Rule 15(a)(1)(B), Plaintiff had 21 days after service to amend as a matter of right.

10. Because service was by mail, Rule 9006(f) adds three additional days.

11. Using the stated service date (December 29, 2025), the deadline to amend was January 22, 2026.

12. Plaintiff filed the FAC (DE #5) on January 21, 2026.

13. At the February 12, 2026 hearing, the Court ruled that the three-day mailing extension does not apply in bankruptcy proceedings and concluded that the FAC was untimely. The Court stated that the FAC and its Answer would both be stricken.

## III. RELIEF IS WARRANTED UNDER RULE 60(b)(1)

14. Rule 60(b)(1), as incorporated by FRBP 9024, permits relief from an order based on mistake, including legal error.

15. The Court's ruling rested on the legal premise that the three-day mailing extension does not apply in bankruptcy proceedings. A brief version of the Court's stated reasoning was that "there is no Bankruptcy Rule 7006" through which Civil Rule 6 would be incorporated into the bankruptcy rules.

16. However, it is not in the *7000 series*, but rather in the *9000 series*, that Civil Rule 6 is incorporated into the bankruptcy rules. FRBP 9006(f) provides that, "(f) Additional Time After Certain Service. When a party may or must act within a specified time after being served and service is made by mail ... 3 days are added after the period would otherwise expire under (a).". https://www.law.cornell.edu/rules/frbp/rule_9006

17. Rule 15(a)(1)(B) provides that a party may amend within 21 days after service of a responsive pleading. Because the time to act is measured from service, Rule 9006(f) applies.

18. Accordingly, the January 21 filing of the FAC was timely, taking place one day before the expiration of the *24-day deadline* (not a *21-day deadline*).

19. Because the FAC was timely as a matter of right, the Court's ruling that it was untimely, and striking it, constituted legal error within the meaning of Rule 60(b)(1), and relief is warranted.

20. If it matters in such a clear-cut situation, the Defendant will not be prejudiced by the granting of this Motion. In fact, here, the opposite is true. Based on the conversation at the status conference, Defendant had reason to expect Plaintiff to file a motion for leave to amend, to which the Defendant would have to file yet another Answer. Granting this Motion will relieve the Defendant of the need to do that work, since he has already Answered the FAC.

NOTICE OF MOTION, AND MOTION FOR RELIEF UNDER RULE 9024

## VI. CONCLUSION

21. Plaintiff respectfully requests that the Court:

    a)  Grant relief under Rule 60(b)(1) / FRBP 9024 and deem the First Amended Complaint timely filed;

    b)  "Unstrike" the FAC and the Defendant's Answer to it; and

    c)  Grant such further relief as is just and proper.

Dated this 20th day of March, 2026.

Respectfully submitted,

_Gregg Roberts_

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se
43430 E Florida Ave F-293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION, AND MOTION FOR
RELIEF FROM ORDER DETERMINING FIRST AMENDED COMPLAINT UNTIMELY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
I do not have access to CM/ECF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___03/20/2026___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343
Judge: Hon. Martin R. Barash, US Bankruptcy Court, 21041 Burbank Blvd, Ste 342, CR 303, Woodland Hills CA 91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/20/2026 | *Vito A. Vitale III* | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**