

FILED & ENTERED

APR 07 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Pgarcia   DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

ARMEN DAVIDIAN,
dba GS Custom Bar & Furniture,

               Debtor.

GREGG ROBERTS,

               Plaintiff,

        vs.

ARMEN DAVIDIAN,

               Defendant.

Case No.: 1:25-bk-11688-MB

Chapter 7

Adv. Proc. No.: 1:25-ap-01080-MB

**ORDER REQUIRING SUPPLEMENTAL
BRIEFING IN SUPPORT OF PLAINTIFF'S
"MOTION FOR RELIEF FROM ORDER
DETERMINING FIRST AMENDED
COMPLAINT UNTIMELY"
[ADV. DKT. 14]**

On September 12, 2025, chapter 7 debtor Armen Davidian, the defendant in this adversary proceeding (the "Debtor"), filed his voluntary chapter 7 petition. Case Dkt. 1. The Clerk of the Court set December 8, 2025, as the deadline for creditors to file a complaint under Bankruptcy Code section 727 objecting to discharge (a "727 Complaint") or to file a complaint under Bankruptcy Code section 523 to challenge whether certain debts are dischargeable. Case Dkt. 7.

On December 8, 2025, plaintiff Gregg Roberts (the "Plaintiff") filed a complaint (the "Complaint") against the Debtor asserting claims under Bankruptcy Code sections 523(a)(2) and (a)(6). Adv. Dkt. 1. The Debtor filed his answer on December 29, 2025, which he served on the Plaintiff by first class mail. Adv. Dkt. 4. On January 21, 2026, the Plaintiff filed a first amended complaint ("FAC") which, unlike the Complaint, asserts causes of action under Bankruptcy Code section 727(a)(3), (a)(4) and (a)(5). Adv. Dkt. 5.

On March 20, 2026, the Plaintiff filed a *Motion for Relief from Order Determining First Amended Complaint Untimely* (the "Motion") on negative notice, by which he requests a ruling that his FAC was timely filed. The only authority cited in the Motion is Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure and Federal Rule of Bankruptcy Procedure 9006(f). Neither of these Rules is relevant to whether the Plaintiff's FAC filed on January 21, 2026, can be deemed to be filed timely given the December 8, 2025, deadline for filing a 727 Complaint. In other words, because the original Complaint is not a 727 Complaint, it is unclear whether the FAC can be deemed a timely filed 727 Complaint and supplemental briefing on this issue is necessary for the Court to resolve the Motion.

Based on the foregoing, **IT IS HEREBY ORDERED THAT:**

1. The Court will conduct a hearing on the Motion on **May 27, 2025, at 2:30 p.m.** The parties may appear in person or by ZoomGov video and audio. No later than **May 6, 2026**, the Plaintiff shall file and serve on the Debtor notice of the ZoomGov connection information for May 27, 2025.

2. No later than **May 6, 2026**, the Plaintiff shall file a supplemental brief in support of the Motion addressing whether the FAC filed on January 21, 2026, may be deemed a timely filed 727 Complaint.

3. Any opposition from the Debtor to the Motion shall be filed no later than **May 13, 2026**.

4. Any reply from the Plaintiff shall be filed no later than **May 20, 2026.**

5. The May 5, 2026, status conference in this adversary proceeding, and the May 5, 2026, hearing on the Plaintiff's objection to the Debtor's claimed homestead exemption, are continued to **May 27, 2025, at 2:30 p.m. Appearances on May 5, 2026, are waived.**

6. The parties' Local Bankruptcy Rule 7016-1(a) joint status report for the continued status conference shall be filed no later than **May 20, 2026.**

###

Date: April 7, 2026

Martin R Barash
United States Bankruptcy Judge