Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | AP Case #1:25-ap-01080-MB<br>Chapter 7<br>Main Case #1:25-bk-11688-MB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS**<br><br>Hearing Date/Time: Tues, Oct. 13, 2026, 2:30 PM<br>Location: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367<br>(See separately filed and served Supplemental Notice regarding ZoomGov remote appearance.)<br>Judge: Hon. Martin Barash |

## NOTICE OF MOTION

**TO DEFENDANT ARMEN DAVIDIAN AND ALL PARTIES IN INTEREST:**

Please take notice that on Tuesday, October 13, 2026, at 2:30 PM, in Courtroom 303, 21041 Burbank Boulevard, Woodland Hills, California 91367, Plaintiff Gregg Roberts will move for (1) leave to file the proposed Second Amended Complaint attached as Exhibit 1, and (2) modification of the June 25, 2026 scheduling order.

Roberts requests that the November 12, 2026 status conference remain on calendar; that the last day to join parties, amend pleadings, and complete discovery be continued to July 16, 2027; that the deadline to file and serve case-dispositive pretrial motions be continued to August 20, 2027; and that the Court set any additional status conference it considers useful. The requested extension will not alter the legal effect of discovery already served or delay decision of the separate discovery motion described below.

This motion is brought under Federal Rules of Civil Procedure 15(a)(2), 16(b)(4), and 21, incorporated respectively by Federal Rules of Bankruptcy Procedure 7015, 7016, and 7021, and Local Bankruptcy Rule 7015-1. It is based on this Notice, the following Memorandum, Roberts' Declaration, Exhibits 1 through 7, the record, and any argument permitted by the Court.

Roberts is contemporaneously filing a separate Motion to Confirm Matters Admitted, Strike Unsigned Responses, Compel Signed and Complete Responses, and for Related Relief (the "Discovery Motion"). The present motion seeks no discovery sanction or ruling. It recites the discovery history only because that history demonstrates diligence, explains the timing and content of the amendment, negates surprise, and supports modification of the schedule.

**IMPORTANT:** Any party who opposes or otherwise responds to this motion must file the written response with the Court and serve it on Roberts and the United States trustee no later

than September 29, 2026, which is 14 days before the hearing. See LBR 9013-1(f). Failure to timely file and serve a response may be deemed consent to granting the motion. See LBR 9013-1(h).

**RELIEF REQUESTED**

1. Leave to file Exhibit 1 as the Second Amended Complaint and to join Narine Stepanyan, and Sandra McBeth, solely in her official capacity as Chapter 7 Trustee, as defendants;
2. Permission, after filing, to obtain amended summonses and serve Stepanyan under applicable domestic or international service law, and McBeth domestically;
3. Modification of the June 25, 2026 scheduling order so that July 16, 2027 is the last day to join parties, amend pleadings, and complete discovery, and August 20, 2027 is the last day to file and serve case-dispositive pretrial motions;
4. Retention of the November 12, 2026 status conference and November 5, 2026 status-report deadline, with any further status conference to be set as the Court considers appropriate; and
5. A statement that the schedule modification does not adjudicate, cure, withdraw, or alter any admission or defect addressed by the contemporaneously filed Discovery Motion.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES.......... 7
I. The Proposed Amendment.......... 7
II. Procedural and Discovery History.......... 8
III. Leave Should Be Freely Granted.......... 10
A. Roberts acted diligently and without bad faith.......... 10
B. The amendment causes no unfair prejudice.......... 12
C. The new and clarified claims are not futile.......... 12
IV. Good Cause Supports the Requested Schedule.......... 15
V. Local Rule Compliance.......... 16
CONCLUSION.......... 16

# TABLE OF AUTHORITIES

## CASES

*Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 44 Cal. Rptr. 2d 352 (1995) ............ 12
*Case Corp. v. Gehrke*, 208 Ariz. 140, 91 P.3d 362 (Ct. App. 2004) .................................... 15
*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183 (9th Cir. 1987).......................................... 10
*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).............................. 10
*In re Advent Management Corp.*, 104 F.3d 293 (9th Cir. 1997) ..................................... 13–14
*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992)................................ 15
*Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709 (2018) .......................................... 14
*Law v. Siegel*, 571 U.S. 415 (2014)........................................................................................ 14
*Lockerby v. Sierra*, 535 F.3d 1038 (9th Cir. 2008)................................................................ 15
*Rubin v. West (In re Rubin)*, 875 F.2d 755 (9th Cir. 1989).................................................... 14
*Warner Constr. Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 85 Cal. Rptr. 444 (1970)........ 14

## STATUTES

11 U.S.C. § 522(o) .... 7, 8, 13
11 U.S.C. § 523(a)(2)(A) .... 7, 14
11 U.S.C. § 523(a)(6) .... 7, 14–15
11 U.S.C. § 541(d) .... 7, 13
11 U.S.C. § 727(a)(3) .... 7
11 U.S.C. § 727(a)(4)(A) .... 7
11 U.S.C. § 727(a)(5) .... 7
11 U.S.C. § 727(d)(1) .... 7
Ariz. Rev. Stat. § 47-9203(B) .... 14

## RULES

Fed. R. Civ. P. 15(a)(2) .... 10
Fed. R. Civ. P. 16(b)(4) .... 15
Fed. R. Civ. P. 19(a)(1)(A) .... 13
Fed. R. Civ. P. 20(a)(2) .... 13
Fed. R. Civ. P. 21 .... 13
Fed. R. Civ. P. 34 .... 9
Fed. R. Civ. P. 36 .... 10
Fed. R. Bankr. P. 7001(b) .... 7, 12
Fed. R. Bankr. P. 7019 .... 13
Fed. R. Bankr. P. 7020 .... 13
Fed. R. Bankr. P. 7021 .... 13
Fed. R. Bankr. P. 7034 .... 9
Fed. R. Bankr. P. 9037(a)(4) .... 8
LBR 7015-1 .... 16
LBR 7026-1(c) .... 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### *I. The Proposed Amendment*

The proposed amended pleading does four principal things. First, it adds facts developed through Retail Capital's supplemental production and Davidian's July 2026 purported unsigned discovery responses. Second, it carries forward the previously pleaded claims under §§ 523(a)(2)(A), 523(a)(6), 727(a)(3), 727(a)(5), and 727(a)(4)(A). Because no discharge presently exists, the proposed SAC does not presently assert a claim under § 727(d)(1), while preserving any such claim that may later accrue based on qualifying fraud first discovered after entry of a future discharge. Third, it pleads § 522(o) consistently with Roberts' timely November 7, 2025 exemption objection and separately pleads state-law constructive-trust and equitable-lien theories, together with a determination of the estate's interest under § 541(d). Fourth, it joins Stepanyan and Trustee McBeth and seeks under Rule 7001(b) to determine the alleged obligation and the deed-of-trust lien's validity and extent and, if Claims Four or Five establish a property interest, its relative priority under applicable law, including complete cancellation if no enforceable obligation exists or limitation to the enforceable amount.

The amendment corrects the prior complaint's inference that Stepanyan advanced $300,000 in March 2019. Davidian now says the alleged advances were mostly cash and occasional checks in unspecified amounts from 2009 through 2012 and that he later decided to record a lien. The proposed complaint pleads that account accurately, acknowledges that the voluntary or post-agreement nature of a recording alone does not invalidate the lien, and requests proof and adjudication of the actual underlying obligation.

*II. Procedural and Discovery History*

1. The First Amended Complaint already placed at issue the March 2019 financing and transfers, the alleged use of funds to increase or preserve equity in the Property, the claimed homestead exemption, the Stepanyan deed of trust, and the alleged $300,000 obligation.

2. On June 25, 2026, the Court deemed the First Amended Complaint timely as asserting both § 727(a) and § 727(d) claims and entered a scheduling order setting November 20, 2026 as the deadline to join parties and amend pleadings and as the discovery-completion date, and December 18, 2026 as the dispositive-motion deadline. Adv. Dkt. 26.

3. Roberts timely objected to Davidian's homestead exemption on November 7, 2025. That objection expressly invoked § 522(o) and requested that overlapping factual issues be coordinated with the adversary proceeding. Exhibit 3. The Court has coordinated hearings on the objection with this adversary proceeding; the objection remains pending.

4. Davidian's July 2026 discovery responses state that Stepanyan allegedly furnished mostly cash and occasional checks during 2009-2012; that he could not repay her; that he decided to give her a lien; and that there are no supporting documents other than the deed. Exhibit 4.[1]

[1] Exhibit 4 intentionally omits two distinct groups of documents. First, the five documentary exhibits that Roberts served with the Requests for Admission, Bates Nos. 134-191, are not included here, but rather are submitted with Roberts' concurrently filed Discovery Motion because they bear directly on Requests for Admission Nos. 35 and 42-46. Second, the documents that Davidian appended to his purported responses are omitted from both motions because the declaration supporting the Discovery Motion identifies their contents, the documents themselves are unnecessary to resolve either motion, and some contain unredacted financial-account numbers requiring redaction under Federal Rule of Bankruptcy Procedure 9037(a)(4).

5. The combined responses contained no signature. The interrogatory answers were not signed under oath. Many purported answers were evasive or incomplete, and the responses to requests for production governed by Federal Rule of Civil Procedure 34, incorporated by Federal Rule of Bankruptcy Procedure 7034, did not identify responsive documents, state whether anything was withheld, or provide records substantiating Davidian's assertions.

6. On July 31, 2026, Roberts emailed Davidian and Sevan Gorginian a detailed request for a telephonic conference under LBR 7026-1(c), identified the deficiencies by request number, and requested signatures, verification, complete answers, and production. The complete request is reproduced in Exhibits 6 and 7.

7. At 7:31 p.m. on July 31, 2026, Gorginian stated that he did not represent Davidian in this adversary proceeding and expressly stated: "I'll send you the Wells Fargo statements that we gave to Swift. You may already have them." Exhibit 6. No Wells Fargo statements were produced.

8. On August 1, 2026, Roberts emailed Davidian directly, requested that he acknowledge receipt, and reproduced the detailed July 31 conference request. On August 3, 2026, Roberts served by mail a letter that again reproduced the request. The letter and proof of service are Exhibit 5, and the direct email is Exhibit 7. Davidian never responded or participated in the requested conference.

9. On September 16, Roberts received subpoenas issued in blank by the courtroom deputy. Roberts intends to complete them and arrange, by September 23, for service of them on Wells

Fargo, Nationstar Mortgage LLC DBA Mr. Cooper, and Swift Financial. The subpoenas will seek bank records, mortgage-payment and principal-balance records, and financing records bearing on the March 2019 transactions and tracing. Their issuance, return, completion, service, production, and any necessary follow-up cannot reasonably be completed under the existing schedule.

10. Roberts is filing the Discovery Motion contemporaneously. That motion, not this one, asks the Court to confirm the Rule 36 admissions and strike the unsigned papers or compel signed and complete responses.

## *III. <u>Leave Should Be Freely Granted</u>*

Rule 15(a)(2) directs courts to "freely give leave when justice so requires." The Ninth Circuit applies that policy with "extreme liberality"; prejudice carries the greatest weight among the familiar factors of bad faith, undue delay, prejudice, and futility. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003).

### *A. Roberts acted diligently and without bad faith*

Delay by itself is insufficient to justify denial of leave to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987). There has been no undue delay here. Roberts knew of the recorded deed of trust and addressed facts casting doubt upon it in paragraphs 28 through 35 of the First Amended Complaint. Those allegations were relevant to Davidian's explanations concerning his assets and liabilities and to the amount of equity potentially

protected by his homestead exemption. The First Amended Complaint did not, however, assert a separate claim or request judgment determining the lien's validity or extent.

Roberts moved before the present November 20 amendment deadline. Although the recorded deed and its asserted effect were challenged earlier, Roberts did not then know that Davidian would place the alleged advances in 2009-2012 or state that no supporting records exist apart from the deed. Roberts reasonably expected discovery to produce documents supporting the alleged obligation and lien, which might have permitted resolution without affirmative relief affecting Stepanyan. Once Davidian disclaimed such records, joinder became necessary to give Stepanyan an opportunity to produce supporting evidence and to be heard before adjudication of the apparent interest. Roberts then pursued amendment, third-party records, and schedule relief before the deadline. The proposed amendment narrows allegations where appropriate and preserves – not abandons – the existing § 523 and § 727 claims.

Those responses left a concrete dispute concerning the existence and amount of the underlying obligation that cannot fairly or conclusively be adjudicated against Stepanyan in her absence. Roberts therefore seeks to join Stepanyan in the interest of justice so that she may produce any supporting evidence in her possession, present her position, and receive a full opportunity to be heard before the Court adjudicates the apparent interest evidenced by the deed of trust.

Roberts is moving well before the November 20, 2026 deadline established by the Court for joining parties and amending pleadings. After receiving Davidian's responses, Roberts sought rule-compliant supplemental responses, pursued third-party records, and prepared the proposed

amendment and contemporaneous Discovery Motion. No trial date has been set, and the requested schedule will afford Stepanyan sufficient time to respond and conduct discovery. The timing therefore presents no undue delay, bad faith, or unfair prejudice.

*B. The amendment causes no unfair prejudice*

Davidian has been on notice since the First Amended Complaint that the March 2019 financing, disposition of funds, alleged use of funds to increase or preserve equity in the Property, claimed homestead exemption, and Stepanyan deed are disputed. The discovery requests and July 31 conferral request addressed those same subjects. No trial date has been set. The requested schedule supplies time for both existing parties and the newly joined defendant to conduct appropriate discovery. Stepanyan will receive a summons, the complete pleading, and the response time afforded by applicable law.

*C. The new and clarified claims are not futile*

A proceeding to determine the validity, priority, or extent of a lien is expressly an adversary proceeding. Fed. R. Bankr. P. 7001(b). California law treats a deed of trust as security for an underlying obligation; the security interest cannot exist without that obligation. *Alliance Mortgage Co. v. Rothwell*, 10 Cal. 4th 1226, 1235–36, 44 Cal. Rptr. 2d 352 (1995). Davidian's account and the absence of supporting records present a plausible dispute over whether an enforceable obligation existed and its actual amount.

The recorded deed identifies Stepanyan as trustee and beneficiary, but Roberts does not allege that she has personally asserted a position concerning it. The proposed complaint seeks relief against Davidian and Stepanyan arising from the same instrument, with common questions

concerning the existence and amount of any underlying obligation and the validity and extent of the resulting lien. Stepanyan is therefore a proper defendant under Federal Rule of Civil Procedure 20(a)(2), incorporated by Federal Rule of Bankruptcy Procedure 7020; her joinder permits complete relief concerning the instrument under Rule 19(a)(1)(A), incorporated by Rule 7019; and the Court may add her as a party on just terms under Rule 21, incorporated by Rule 7021.

The proposed SAC also joins Trustee McBeth solely in her official representative capacity because the constructive-trust, equitable-lien, and § 541(d) claims may determine the estate's interest in the Property or impose an interest upon estate property. The SAC alleges no misconduct by McBeth and seeks no damages or other personal relief against her. Her joinder ensures that the estate receives notice and an opportunity to protect its interest before the property-related claims are adjudicated.

The proposed SAC does not seek equitable subordination. It seeks to determine the existence and amount of the alleged obligation and the recorded lien's validity and extent and, only if Claims Four or Five establish a property interest, that interest's relative priority under applicable law. It permits reduction of the lien up to 100% to the extent proved invalid and does not allege or depend upon inequitable conduct by Stepanyan.

The homestead theories are also legally bounded. Section 522(o) was expressly raised in the timely exemption objection and permits only a reduction attributable to a qualifying disposition proved under the statute. The constructive-trust theory requires a valid nonbankruptcy proprietary interest and strict tracing to identifiable property or substitutes. See *In*

*re Advent Management Corp.*, 104 F.3d 293, 295–96 (9th Cir. 1997). The separately pleaded equitable-lien theory requires proof of a specific causal and equitable nexus between the wrongfully obtained funds and value added to the Property and is limited to the amount proved. None of these theories asks the Court to use general equity to contravene the Code. See *Law v. Siegel*, 571 U.S. 415, 421, 425–27 (2014).

The refined § 523(a)(2)(A) allegations do not depend solely on a statement respecting financial condition. They plead a false promise, a concealed then-existing plan, and misleading half-truths within a broader deceptive course of conduct, while treating the written "No" answer as context and scienter evidence rather than as a standalone basis for relief under § 523(a)(2)(A). See *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 717–20 (2018); *Warner Construction Corp. v. City of Los Angeles*, 2 Cal. 3d 285, 294–95, 85 Cal. Rptr. 444 (1970). The false-promise theory includes Davidian's pre-funding representation that he intended to use the funds that month for two new contracts, additional employees, supplies, and payroll, followed by immediate account activity and his later description of the challenged payments as repayments to existing creditors or vendors. Those later facts are pleaded as circumstantial evidence that Davidian lacked the stated intention when Retail Capital funded – not merely as subsequent breach or nonpayment. A promise made without a present intention to perform satisfies § 523(a)(2)(A). *Rubin v. West (In re Rubin)*, 875 F.2d 755, 759 (9th Cir. 1989).

The proposed § 523(a)(6) count likewise rests on alleged tortious conduct, not merely nonperformance of a contract. The authenticated agreement, value advanced, and Davidian's rights in the collateral support enforceability of the security interest against Davidian under Arizona Revised Statutes § 47-9203(B), without alleging that a security interest in a deposit

account was perfected against third parties. The agreement designated materially false or misleading representations and violations of its collateral and financing covenants as Events of Default, and it gave the secured party remedies upon default. Arizona law permits a conversion claim when a secured creditor with a right to possession is deprived of identifiable collateral or proceeds. *Case Corp. v. Gehrke*, 208 Ariz. 140, 143–45 ¶¶ 11, 17–24, 91 P.3d 362, 365–67 (Ct. App. 2004). California conversion is pleaded only in the alternative. These allegations satisfy the requirement that a § 523(a)(6) debt arise from tortious conduct rather than a knowing breach alone. See *Lockerby v. Sierra*, 535 F.3d 1038, 1040–42 (9th Cir. 2008).

## *IV. <u>Good Cause Supports the Requested Schedule</u>*

Rule 16(b)(4) permits modification for good cause. The inquiry focuses on diligence and whether the existing deadline could reasonably be met despite the movant's efforts. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists. The present discovery deadline and joinder deadline are the same day. Stepanyan must first be joined, located through diligent investigation, served under the applicable domestic or international rules, allowed to answer, and afforded discovery. Non-party subpoenas have been issued in blank as of September 16, but have not been filled out and served. The records to be sought bear directly on tracing, the March 2019 financing, mortgage-principal changes, and summary-judgment proof. Davidian's unsigned and incomplete responses have created the need for additional motion practice and prevented orderly preparation.

The proposed July 16, 2027 discovery and joinder/amendment deadline, followed by an August 20, 2027 dispositive-motion deadline, supplies a realistic interval for service, non-party

production, motion practice, follow-up discovery, and evidence-based dispositive motions. A broader extension now is more efficient than repeated short extensions. The November 12, 2026 status conference can remain in place so the Court retains active supervision.

The extension should be neutral as to the separate Discovery Motion. It should not retroactively validate an unsigned response, cure a verification defect, withdraw an admission, or postpone decision of presently ripe discovery issues.

*V.* *<u>Local Rule Compliance</u>*

The complete proposed Second Amended Complaint is attached as Exhibit 1 as required by LBR 7015-1(a). A full-text redline is Exhibit 2. If leave is granted, Roberts will separately file the complete amended pleading as required by LBR 7015-1(b), obtain amended summonses, and serve the Second Amended Complaint and summonses on Stepanyan under applicable domestic or international service law and on Trustee McBeth under Federal Rule of Bankruptcy Procedure 7004.

**CONCLUSION**

The Court should grant leave to file the proposed Second Amended Complaint and modify the scheduling order as requested.

Dated: September 21, 2026.

Respectfully submitted,

Gregg Roberts
______________________________

Gregg Roberts, Plaintiff, Assignee of Record and Judgment Creditor, Pro Se

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Gregg Roberts<br>43430 E Florida Ave F-293<br>Hemet CA 92544<br>951-350-5371<br>gregg@legalsupport-sc.com<br>Assignee of Record and Judgment Creditor, Pro Se<br><br>___ *Attorney for Movant*<br>_X_ *Movant appearing without an attorney* | FOR COURT USE ONLY |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION** | |
| In re:<br><br>Armen Davidian<br><br>Debtor(s). | CASE NO.: 1:25-bk-11688-MB<br>CHAPTER: 7 |
| Gregg Roberts<br>Plaintiff(s)<br>v.<br>Armen Davidian<br>Defendant(s) | ADV. NO. 1:25-ap-01080-MB<br><br>**SUPPLEMENTAL NOTICE RE: AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO FOR REMOTE APPEARANCE**<br><br>HEARING DATE: Tues, October 13, 2026<br>HEARING TIME: 2:30 PM<br>HEARING LOCATION: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367 |
| **Movant:** Gregg Roberts | |

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned adversary proceeding, on the date and time and at the location indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

   **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND TO MODIFY SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS**

2. In addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video. Information on how to appear using ZoomGov is provided on the following page of this notice.

3. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).
4. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.
5. **Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person.**
6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants.
7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.
8. **All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**
9. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.
10. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1655861639 |
| Meeting ID: | 165 586 1639 |
| Password: | 821186 |
| Telephone: | (669) 254-5252 or (646) 828-7666 |

11. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date: 9/21/2026

N/A
Printed name of law firm (if applicable)

Gregg Roberts
Printed name of individual Movant or attorney for Movant

**NOTE: Unless otherwise ordered by Judge Barash: (i) this form should not be used for any trial or evidentiary hearing and (ii) no party or witness may appear remotely for any trial or evidentiary hearing.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): Notice of Motion and Motion for Leave to File Second Amended Complaint and to Modify Scheduling Order; Memorandum of Points and Authorities; and Declaration of Gregg Roberts with Seven Exhibits; SUPPLEMENTAL NOTICE RE: AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO FOR REMOTE APPEARANCE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ________________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I do not have access to CM/ECF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/21/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343

Judge: Hon. Martin R. Barash, US Bankruptcy Court, 21041 Burbank Blvd, Ste 342 / CR 303, Woodland Hills CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/21/2026 | ABDOUL DIARRA | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |