Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

In re Armen Davidian,

Debtor

Gregg Roberts,

Assignee of Record and Judgment Creditor,

v.

Armen Davidian,

Debtor / Defendant

AP Case #1:25-ap-01080-MB

Chapter 7

Main Case #1:25-bk-11688-MB

**SEPARATE STATEMENT OF DISCOVERY DISPUTES**

Hearing Date/Time: Tues, Oct. 13, 2026, 2:30 PM

Location: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367

See also separately filed and served Supplemental Notice regarding ZoomGov remote appearance

Judge: Hon. Martin Barash

This separate statement reproduces the requests and Davidian's responses and states ROBERTS' contention and requested relief. It is submitted with the foregoing declaration of noncooperation because Davidian did not participate in the LBR 7026-1(c) process.

*A. Requests for Admission Nos. 1–46*

*REQUEST FOR ADMISSION NO. 1*

**REQUEST:** Admit that You obtained financing from Retail Capital in March 2019.

**RESPONSE:** "Yes I got a loan."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 2*

**REQUEST:** Admit that You made only one successful payment on the Retail Capital obligation.

**RESPONSE:** "I made payments from what I remember the best I could."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response does not admit or deny that only one payment succeeded and relies on memory without stating that a reasonable inquiry was made. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 3*

**REQUEST:** Admit that a subsequent attempted payment on the Retail Capital obligation was dishonored or returned unpaid.

**RESPONSE:** “I don't remember, I deny”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response couples lack of memory with a denial and does not state that a reasonable inquiry was made. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 4*

**REQUEST:** Admit that You did not thereafter cure the default on the Retail Capital obligation.

**RESPONSE:** “Yes I fell behind in payments.”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). Admitting that payments fell behind does not answer whether the default was ever cured. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 5*

**REQUEST:** Admit that You defaulted on the Retail Capital obligation no later than April 2019.

**RESPONSE:** “Yes I fell behind in payments. I don't remember when.”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule

26(g)(2). The response does not admit or deny the requested outside date for default and relies on memory without reasonable inquiry. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 6*

**REQUEST:** Admit that governmental COVID-19 restrictions in California did not begin taking effect until March 2020.

**RESPONSE:** "I don't remember, I deny"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response denies a readily ascertainable public chronology based on lack of memory without stating reasonable inquiry. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 7*

**REQUEST:** Admit that Your default on the Retail Capital obligation occurred before the onset of governmental COVID-19 restrictions in California.

**RESPONSE:** "No, I deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 8*

**REQUEST:** Admit that, during a recorded communication with a representative of Retail Capital, You acknowledged understanding that obtaining additional loans during the term of the Retail Capital obligation would constitute an event of default.

**RESPONSE:** "I don't remember, I deny"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response relies on lack of memory without reasonable inquiry into the recorded interview or other readily obtainable information. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 9*

**REQUEST:** Admit that You obtained additional financing from one or more sources during March 2019.

**RESPONSE:** "I don't remember, I deny"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response relies on lack of memory without reasonable inquiry into Davidian's financing and bank records. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 10*

**REQUEST:** Admit that You obtained additional financing during the term of the Retail Capital obligation.

**RESPONSE:** "Yes I got financing. Deny rest. I don't remember."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response partly admits obtaining financing but does not fairly admit or deny whether it occurred during the Retail Capital term. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 11*

**REQUEST:** Admit that You did not use any portion of the proceeds of any additional March 2019 financing to bring the Retail Capital obligation current.

**RESPONSE:** "I fell behind in payments."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). Saying that payments fell behind does not answer whether additional financing proceeds were used to cure the Retail Capital obligation. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 12*

**REQUEST:** Admit that, during March 2019, funds totaling more than $250,000 were withdrawn from one or more accounts under Your control.

**RESPONSE:** “I don't remember, deny”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response relies on lack of memory without reasonable inquiry into the account records. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 13*

**REQUEST:** Admit that the balance of at least one bank account under Your control was reduced to zero during March 2019.

**RESPONSE:** “Yes the bank closed my bank account. I don't know what accounts you are referencing specifically.”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). Saying the bank closed an account does not answer whether the balance of at least one controlled account was reduced to zero. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 14*

**REQUEST:** Admit that multiple checks written during March 2019 were written in round-number amounts.

**RESPONSE:** "Yes checks were written but amounts are on the check. You have the checks."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response admits checks were written and refers Roberts to the checks but does not admit or deny that multiple checks were in round-number amounts. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 15*

**REQUEST:** Admit that at least one March 2019 check was made payable to Yourself.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 16*

**REQUEST:** Admit that at least two March 2019 checks were made payable to your fictitious business name GS Custom Bar & Furniture.

**RESPONSE:** “I don't remember but the checks are in your hands, so it says it on the check.”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response refers Roberts to the checks rather than admitting or denying the stated fact and does not state reasonable inquiry. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 17*

**REQUEST:** Admit that You no longer possess invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

**RESPONSE:** “It has been over 6 years, I don't have invoices.”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 18*

**REQUEST:** Admit that You have not produced invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

**RESPONSE:** “It has been over 6 years, I don’t have invoices.”

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 19*

**REQUEST:** Admit that at least one business payee to which You wrote check in March 2019 was in the business of limousine service.

**RESPONSE:** "Deny, the business could have been any service because I made furniture for limo and other vehicles."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 20*

**REQUEST:** Admit that the Stepanyan Deed of Trust was recorded on March 21, 2019.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 21*

**REQUEST:** Admit that the Stepanyan Deed of Trust states a principal amount of $300,000.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 22*

**REQUEST:** Admit that Narine Stepanyan used the Property address as her mailing address in connection with the Stepanyan Deed of Trust.

**RESPONSE:** "I don't know, Stepanyan would know or it is on the deed of trust."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response refers Roberts to Stepanyan or the deed rather than making reasonable inquiry and answering a fact apparent from the instrument. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 23*

**REQUEST:** Admit that Narine Stepanyan signed the proof of service relating to Your Answer in this adversary proceeding.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 24*

**REQUEST:** Admit that Narine Stepanyan used the Property address on the proof of service relating to Your Answer in this adversary proceeding.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 25*

**REQUEST:** Admit that You have not filed any lawsuit against Narine Stepanyan seeking to quiet title against the Stepanyan Deed of Trust.

**RESPONSE:** "Yes"

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule

26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 26*

**REQUEST:** Admit that You did not disclose the alleged Stepanyan loan during Your conferral communications with Plaintiff concerning the loss of Retail Capital funds.

**RESPONSE:** "Deny, I was never asked and it has been many years."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 27*

**REQUEST:** Admit that You did not use any alleged Stepanyan loan proceeds to resume payments to Retail Capital.

**RESPONSE:** "I dont know what you mean by resume payments. The loan from Stepanyan is different."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response neither admits nor denies the requested use of alleged Stepanyan proceeds and does not identify a genuine ambiguity. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 28*

**REQUEST:** Admit that You contend the Stepanyan loan was a genuine loan transaction.

**RESPONSE:** "Admit. I owe her money. Object to word loan transactions."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 29*

**REQUEST:** Admit that You contend Narine Stepanyan advanced funds to You in connection with the Stepanyan Deed of Trust.

**RESPONSE:** "Admit I owe her money. Object to word advanced funds."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). Admitting that money is owed does not fairly answer whether Davidian contends Stepanyan advanced funds, and the objection gives no specific ground. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 30*

**REQUEST:** Admit that You claimed a homestead exemption in the Property in Your bankruptcy schedules.

**RESPONSE:** “Yes”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 31*

**REQUEST:** Admit that You resided at the Property at the time the Stepanyan Deed of Trust was recorded.

**RESPONSE:** “Yes”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 32*

**REQUEST:** Admit that You continue to reside at the Property.

**RESPONSE:** “Yes”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule

26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 33*

**REQUEST:** Admit that You expended funds on the Property after March 2019 (including through mortgage payments).

**RESPONSE:** "Admit that I paid for expenses on my property. It's my home."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 34*

**REQUEST:** Admit that Your declaration blaming COVID-19 for the failure of Your business refers to events occurring after Your default on the Retail Capital obligation.

**RESPONSE:** "No, deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 35*

**REQUEST:** Admit that the Bank of America document entitled "Activity Alert: Service Inactivation for Bill Pay" — Ex. 1 to this RFA document — is dated 3/19/19, which was after the account balance had already been reduced to zero.

**RESPONSE:** "I don't understand and object."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response does not identify any genuine ambiguity or state a specific ground for objection to the document-and-date comparison. The referenced document is included with Exhibit 5. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 36*

**REQUEST:** Admit that You have no written communication from Bank of America informing You that your account with Bank of America was going to be closed.

**RESPONSE:** "Deny, bank told me the account is closed."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 37*

**REQUEST:** Admit that You have no written communication from Bank of America directing You to write checks to vendors in round-number amounts.

**RESPONSE:** "Admit in part, deny in part."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response says only 'admit in part, deny in part' without specifying which part is admitted or denied. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 38*

**REQUEST:** Admit that You could have transferred all funds from the Bank of America account to an account at a different financial institution through a single payment such as a cashier's check or wire transfer.

**RESPONSE:** "Deny I did that."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response denies that Davidian made the transfer, but the request asks whether he had the ability to make one; it answers a different question. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 39*

**REQUEST:** Admit that You have no written communication from Bank of America instructing You not to continue making payments to Retail Capital.

**RESPONSE:** "Deny. Bank of America did not instruct me."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The denial is followed by the statement that Bank of America did not instruct him, making the response equivocal and failing to address whether a written instruction exists. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 40*

**REQUEST:** Admit that You did not preserve complete written records explaining the disposition of all funds obtained from Retail Capital, the alleged Stepanyan loan, or the other loans evidenced in your March 2019 Bank of America statement, including but not limited to the loan identified as coming from or through WebBank and/or Swift Financial.

**RESPONSE:** "Deny and I object what you mean by records."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response gives no specific ground for its objection to 'records' and denies without

describing reasonable inquiry into the identified categories. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 41*

**REQUEST:** Admit that, after March 2019, You made no effort to restructure, renegotiate, or cure the Retail Capital obligation.

**RESPONSE:** “Deny”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Roberts does not request a separate sufficiency ruling on the wording of this answer unless Davidian seeks withdrawal or amendment.

*REQUEST FOR ADMISSION NO. 42*

**REQUEST:** Admit that Ex. 1 to this RFA document, Bates 134, is a true and correct copy of the “Activity Alert: Service Inactivation for Bill Pay” that was provided to me on your behalf by your attorney Sevan Gorginian.

**RESPONSE:** “Admit”

ROBERTS’ CONTENTION AND RELIEF: No signed answer or objection was served. Confirm that the matter is admitted under Rule 36(a)(3) and strike the unsigned paper under Rule 26(g)(2). Alternatively, if the Court gives the unsigned response document any effect, recognize the express response “Admit” as binding. The referenced document is included with Exhibit 5.

*REQUEST FOR ADMISSION NO. 43*

**REQUEST:** Admit that Ex. 2 to this RFA document, Bates 135-164, is a true and correct copy of a set of statements pertaining to a Bank of America business account -1868 in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

**RESPONSE:** "I don't understand. I object or deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response gives no specific ground for failing to authenticate Davidian's own business-account statements supplied on his behalf and does not state reasonable inquiry. The referenced document is included with Exhibit 5. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 44*

**REQUEST:** Admit that Ex. 3 to this RFA document, Bates 165-184, is a true and correct copy of a set of canceled check images pertaining to the same Bank of America business account -1868 referenced in the previous request, in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE, that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

**RESPONSE:** "I don't understand. I object or deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response gives no specific ground for failing to authenticate check images from Davidian's own account supplied on his behalf and does not state reasonable inquiry. The referenced document is included with Exhibit 5. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 45*

**REQUEST:** Admit that Ex. 4 to this RFA document, Bates 185, is a true and correct copy of Fly Venture Corporation's April 18, 2019 Statement of Information filed with the Secretary of State of California, downloadable free of charge from https://bizfileonline.sos.ca.gov/search/business (more directly, from https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/06821209001421814218524509224 0 112045042075028043).

**RESPONSE:** "I don't understand. I object or deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response gives no specific ground for objecting to the authenticity of the identified public filing and does not state reasonable inquiry. The referenced document is included with Exhibit 5. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*REQUEST FOR ADMISSION NO. 46*

**REQUEST:** Admit that Ex. 5 to this RFA document, Bates 186-191, is a true and correct copy of a Deed of Trust executed by you to Narine Stepanyan as Trustee and Beneficiary on March 12, 2019 and recorded in the Official Public Records of Los Angeles County at Recording #20190251159 on March 21, 2019.

**RESPONSE:** "I don't understand. I object or deny."

ROBERTS' CONTENTION AND RELIEF: No signed answer or objection was served, so the matter is admitted under Rule 36(a)(3); the unsigned paper must also be stricken under Rule 26(g)(2). The response gives no specific ground for objecting to the authenticity of the identified deed executed by Davidian and does not state reasonable inquiry. The referenced document is included with Exhibit 5. Confirm the admission; alternatively, order a compliant answer under Rule 36(a)(6) within seven days.

*B. Interrogatories Nos. 1–13*

*INTERROGATORY NO. 1*

**REQUEST:** Identify all loans, advances, merchant cash advances, lines of credit, or other financing that You obtained, applied for, negotiated, or received during the period January 1, 2019 through May 31, 2019, including: (a) the identity of the lender or source; (b) the amount; (c) the date funds were received; (d) the institution and account into which the funds were deposited; and (e) the disposition of the proceeds.

**RESPONSE:** "I got loan from Retail Capital. The amount is on the loan agreeemtn which you should have because you work with Retail Capital. I can't remember the exact amount."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 2*

**REQUEST:** State all facts concerning Your understanding, at the time You obtained the Retail Capital financing, regarding whether obtaining additional financing during the term of the Retail Capital obligation would constitute an event of default.

**RESPONSE:** "No I did not think that. I am not a lawyer and my English is not good. I did not think getting additional financing would be a problem."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath. Strike the unsigned response and compel Davidian to sign and verify it, or serve a separate full sworn answer, within fourteen days. Roberts does not presently request a further substantive answer to this interrogatory.

*INTERROGATORY NO. 3*

**REQUEST:** State all facts concerning any effort by You to: (a) obtain Retail Capital's consent to obtain additional financing; (b) obtain Retail Capital's consent to use loan proceeds for purposes

unrelated to Your furniture business; (c) renegotiate or restructure the Retail Capital obligation; or (d) cure any default under the Retail Capital obligation.

**RESPONSE:** "I did not think I needed to ask for permission to get more money. That is not how it was explained to me. The loan was given to me and I used it for the business and its operations and repay debts. I do not understand what restructure means but I did ask for payment plan with Retail Capital and I tried to repay to the best of my ability but my business suffered big losses."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 4*

**REQUEST:** Identify each person or entity to whom checks or transfers totaling more than $5,000 were made from Your Bank of America account during March 2019, and for each: (a) state the amount; (b) the purpose of the payment; (c) whether You possess invoices or supporting documentation; and (d) in what way(s) the recipient related to the furniture business.

**RESPONSE:** "You have the checks so you can see who it is written payable to. These are creditors/vendors that I repaid. You are asking for invoices from 6 years ago. As a general consumer with no understanding of the law and as an immigrant, I was not required to keep invoices and I do not have invoices from 6 years ago. You keep asking me for the same things from 2019. If in 2019 I knew was going to file bankruptcy 6 years later, I would keep the

documents. People don't keep receipts, invoices and papers from 6 years ago. They throw things away."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 5*

**REQUEST:** State all facts concerning the business activities of NB Transportation and Fly Venture Corporation known to You during 2019.

**RESPONSE:** "Those are businesses that worked with my business. If you have questions about the business activities of NB Transportation and Fly Venture Corporation, you should go ask them. But they are companies that were owed money and I repaid them."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 6*

**REQUEST:** State all facts concerning any ownership interest, investment interest, profit-sharing arrangement, employment relationship, or anticipated business relationship You had with: (a) NB

Transportation; (b) Fly Venture Corporation; or (c) any limousine or transportation-related business from January 1, 2019 through December 31, 2021.

**RESPONSE:** "No ownership, no investment interest, no profit sharing, no employment relationship or anticipated business relationship with NB transportation, Fly Venture corporation and limousin transportation business."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath. Strike the unsigned response and compel Davidian to sign and verify it, or serve a separate full sworn answer, within fourteen days. Roberts does not presently request a further substantive answer to this interrogatory.

*INTERROGATORY NO. 7*

**REQUEST:** State all facts concerning the alleged loan from Narine Stepanyan, including: (a) when discussions began; (b) how the loan amount was determined; (c) how funds were transferred; (d) the source of the funds; (e) all repayment terms; (f) all collateral; and (g) all payments ever made on the alleged obligation.

**RESPONSE:** "Discussions with Stepanyan began in 2005. I bought my house in 2009 and she gave me a lot of loans for many years. I could not repay her so instead I gave her a lien against my home with the deed of trust you asked about for Stepanyan. She is owed money and I gave her a lien as security for her repayment."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned

response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 8*

**REQUEST:** Identify all documents supporting Your contention that Narine Stepanyan actually paid $300,000 or any other amount to You as allegedly secured by the "Stepanyan Deed of Trust".

**RESPONSE:** "Stepanyan gave me cash throughout 2009 to 2012 in different amounts. Sometimes she gave me checks. The end amount was a lot. Since I could not pay her back, I decided to give a lien against my home otherwise she would have probably sued me."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 9*

**REQUEST:** State all facts concerning expenditures made on the Property during the period March 2019 through May 2026, including: (a) mortgage payments; (b) improvements; (c) renovations; (d) contractor payments; and (e) principal reductions; and the sources of each of those expenditures.

**RESPONSE:** "Yes I paid for my property including property mortgage, taxes, insurance, gardner. I fixed and repaired issues with my home. You are making it like I turned my house into a Beverly Hills Mansion, which I did not. You are mistaking and lying."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 10*

**REQUEST:** State all facts supporting Your contention that COVID-19 caused or materially contributed to Your inability to repay Retail Capital, including the dates on which You contend such effects first occurred.

**RESPONSE:** "My business was in the service business involving vehicles and upgrades. I have told you this before and explained in detail. After Covid, all of the orders and jobs went away. When there are no customers, I lost money and tried to keep going but over 3 years of pandemic losses and clients are gone."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 11*

**REQUEST:** Identify all accounts into which: (a) proceeds of the Retail Capital financing; (b) proceeds of the alleged Stepanyan loan; or (c) proceeds of any other 2019 financing were deposited, transferred, or routed.

**RESPONSE:** "For retail capital, it went into bank of america account. For Stepanyan, it was in my personal account but mostly cash throughout many yeras she gave me. I did not have other 2019 financing and I object because it is not clear."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 12*

**REQUEST:** Describe all efforts You made to preserve records relating to: (a) the Retail Capital funds; (b) the alleged Stepanyan loan; (c) the WebBank and/or Swift Financial loan proceeds; and (d) the checks identified in Exhibit 3 to the Plaintiff's First Set of Requests for Admissions (Bates 165-184).

**RESPONSE:** "You are asking about records from 6+ years ago. I was under no obligation to keep records. Does every business owner required to keep records? Tell me what law says that? Am I supposed to keep all receipts? Tell me what law or IRS rule says that? I don't have the

records because it is more than 6+ years ago and I went to the bank and got all the statements I could for you."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*INTERROGATORY NO. 13*

**REQUEST:** Identify all addresses at which Narine Stepanyan works, resides, and/or receives mail, and when she stopped receiving mail at the Property.

**RESPONSE:** "I don't know where Stepanyan works. She used to temporarily live at my house but she moved out."

**ROBERTS' CONTENTION AND RELIEF:** The answer is unsigned and not under oath, violating Rule 33(b)(3) and (5), and it omits requested facts or subparts. Strike the unsigned response and compel a separate, full, sworn answer after reasonable inquiry within fourteen days. Any objection is waived under Rule 33(b)(4) absent a particularized showing of good cause.

*C. Requests for Production Nos. 1–12*

*REQUEST FOR PRODUCTION NO. 1*

**REQUEST:** All documents relating to the Retail Capital financing, including applications, agreements, communications, underwriting materials, recordings, repayment schedules, and notices of default.

**RESPONSE:** "Like I said many times, this is is over 6 years ago. Retail Capital is who you got your judgment from. They have everything and you can get it from them."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Referring Roberts to Retail Capital does not state whether Davidian has responsive materials, whether production will occur, what search was made, or whether anything is withheld. The appended abstracts of judgment do not supply the requested applications, agreements, communications, underwriting materials, recordings, schedules, or default notices. Compel a signed, request-specific response, a diligent search and reasonable inquiry, and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 2*

**REQUEST:** All documents relating to any financing obtained by You during 2019 from any source other than Retail Capital, including WebBank and/or Swift Financial.

**RESPONSE:** "I have the judgmetn from Swift Financial. I don't know who Webbank is and I did not get other financing."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). The appended Swift Financial/WebBank abstract of judgment is not a substitute for the underlying financing records requested. The response denies other financing without addressing the requested document categories, a diligent search and reasonable inquiry, or whether anything is withheld. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 3*

**REQUEST:** All bank statements, cancelled checks, wire records, deposit records, and transaction histories for all accounts into which Retail Capital funds or other March 2019 loan proceeds were deposited.

**RESPONSE:** "I gave you all the bank statements before and will resend it again. You can ask the bank by subpoena. The bank gave me what they had and i gave it to you."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Although it asserts that bank statements were previously supplied and would be resent, the appended material contains nineteen pages of check images previously provided by Gorginian—not the requested account statements, wire records, deposit records, and transaction histories. It does not identify the period covered, address all responsive accounts, or state whether anything is withheld. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 4*

**REQUEST:** All invoices, contracts, receipts, purchase orders, work orders, or other documents supporting the checks and withdrawals identified in Exhibit 3 to the Plaintiff's First Set of Requests for Admissions (Bates 165-184).

**RESPONSE:** "Like I said many times, I don't have invoices and documents from 6+ years ago and I was not required to keep them either. Give me the law or IRS rule showing I had to keep it. People throw things away. I did not know I was going to be filing bankruptcy in the future for me

to keep everything to go give to you. People throw things away and I don't have these invoices, letters, what you are asking me for."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). The appended check images identify transactions but do not provide the requested invoices, contracts, receipts, purchase orders, work orders, or other records supporting them. The response does not show a diligent search and reasonable inquiry or state with specificity whether no responsive documents exist or none remain within Davidian's possession, custody, or control. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 5*

**REQUEST:** All documents relating to NB Transportation and Fly Venture Corporation in Your possession, custody, or control.

**RESPONSE:** "I don't have any documents for this, it was 6+ years ago. Those companies did work and I paid them."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). The response acknowledges business dealings but does not show a diligent search and reasonable inquiry or state with specificity whether no responsive documents exist or none remain within Davidian's possession, custody, or control. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 6*

**REQUEST:** All documents relating to the alleged loan from Narine Stepanyan, including: (a) promissory notes; (b) communications; (c) transfer records; (d) bank records; (e) repayment records; (f) security agreements; and (g) tax documents.

**RESPONSE:** "The document is the deed of trust for Stepanyan that you already have with you. There are no other documents. She gave me loans and money over many years as I explaind in my other answer and I gave her a lien on my home."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Although it states that no other documents exist, the unsigned response does not show that Davidian conducted a diligent search and reasonable inquiry encompassing each requested category and materials within his possession, custody, or control. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 7*

**REQUEST:** All documents evidencing the source of any funds allegedly advanced by Narine Stepanyan.

**RESPONSE:** "No documents."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). The bare statement "No documents" does not show a diligent search and reasonable inquiry or state with specificity whether no responsive documents exist or none are

within Davidian's possession, custody, or control. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 8*

**REQUEST:** All documents relating to expenditures on the Property during the period March 2019 through December 2020, including mortgage payments, contractor payments, renovation expenses, and material purchases.

**RESPONSE:** "I don't know what you mean by expenditures. My mortgage company has records and I will give you mortgage statement. I don't have the other documents."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). The appended two-page Mr. Cooper statement is dated August 14, 2025 and does not answer a request covering March 2019 through December 2020. The response does not address a diligent search and reasonable inquiry for mortgage-payment history, contractor payments, renovation expenses, or material purchases during the requested period. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 9*

**REQUEST:** All documents relating to Your contention that COVID-19 caused or materially contributed to Your inability to repay Retail Capital.

**RESPONSE:** "I don't understand this. You want documents about Covid-19 that made my business stop working? Everyone knows the pandemic caused businesses to close down."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Discussing general knowledge of COVID-19 does not state whether responsive documents exist, whether production will occur, what search was performed, or whether anything is withheld. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 10*

**REQUEST:** All communications between You and Retail Capital concerning: (a) additional financing; (b) default; (c) repayment; (d) restructuring; or (e) use of loan proceeds.

**RESPONSE:** "Retail Capital is your client or who you got the judgment from. You can ask them for the communications. I don't have communications but I did try to repay Retail Caiptal."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Referring Roberts to Retail Capital does not satisfy Davidian's own production obligation. The assertion that no communications exist is not supported by a diligent search and reasonable inquiry, particularly because Davidian also says he sought a payment plan. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 11*

**REQUEST:** Documents sufficient to evidence the current residence, work, or mailing address of Narine Stepanyan, and the date when she allegedly stopped receiving mail at the Property address.

**RESPONSE:** "I don't have documents showing where Stepanyan lives, works or her mailing address. She lived with me temporarily and moved out."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). It does not show a diligent search and reasonable inquiry into records within Davidian's possession, custody, or control and does not address records bearing on when Stepanyan stopped receiving mail at the Property. Compel a signed, request-specific response and complete production within fourteen days.

*REQUEST FOR PRODUCTION NO. 12*

**REQUEST:** Documents including emails and text messages between you and Narine Stepanyan concerning any of the following: (a) The Stepanyan Deed of Trust, (b) The indebtedness represented by that Deed of Trust; (c) The alleged dispute between You and Narine Stepanyan regarding the indebtedness represented by the Deed of Trust; and (d) The subpoena directed to Narine Stepanyan by the Plaintiff (a copy of which was also served upon You).

**RESPONSE:** "There are no documents or emails or text messages between Stepanyan and me about the deed of trust or the other things you asked for. She was not served with the subpoena."

ROBERTS' CONTENTION AND RELIEF: The response is unsigned and must be stricken under Rule 26(g)(2). Although it broadly states that no responsive communications exist, the unsigned response does not show a diligent search and reasonable inquiry of relevant email, text-message, and other communication sources within Davidian's possession, custody, or control. Compel a signed, request-specific response and complete production within fourteen days.

Dated: September 21, 2026.

Respectfully submitted,

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se