Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | AP Case #1:25-ap-01080-MB<br>Chapter 7<br>Main Case #1:25-bk-11688-MB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONFIRM MATTERS ADMITTED; STRIKE UNSIGNED RESPONSES; COMPEL SIGNED, VERIFIED, AND COMPLETE RESPONSES AND PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS AND DECLARATION OF NONCOOPERATION; SEPARATE STATEMENT OF DISCOVERY DISPUTES**<br><br>Hearing Date/Time: Tues, Oct. 13, 2026, 2:30 PM<br>Location: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367<br>See also separately filed and served Supplemental Notice regarding ZoomGov remote appearance<br>Judge: Hon. Martin Barash |

## NOTICE OF MOTION

**TO DEFENDANT ARMEN DAVIDIAN AND ALL PARTIES IN INTEREST:**

Please take notice that on Tuesday, October 13, 2026, at 2:30 PM, in Courtroom 303, 21041 Burbank Boulevard, Woodland Hills, California 91367, Plaintiff Gregg Roberts will move for the relief stated below concerning Davidian's combined purported responses to Roberts's First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production.

The motion is brought under Federal Rules of Civil Procedure 26(g), 33, 34, 36, and 37, incorporated by Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, 7036, and 7037, and Local Bankruptcy Rule 7026-1. Roberts is contemporaneously filing a separate motion for leave to amend and schedule modification. That motion seeks no discovery relief.

IMPORTANT: Any party who opposes or otherwise responds to this motion must file the written response with the Court and serve it on Roberts and the United States trustee no later than September 29, 2026, which is 14 days before the hearing. See LBR 9013-1(f). Failure to timely file and serve a response may be deemed consent to granting the motion. See LBR 9013-1(h).

**RELIEF REQUESTED**

1. Confirm that Requests for Admission Nos. 1–46 are admitted under Rule 36(a)(3) because Davidian did not serve a written answer or objection signed by him or an attorney;

2. Strike Davidian's entire unsigned combined response document under Rule 26(g)(2), including the purported interrogatory and Rule 34 responses, because the omission was not promptly corrected after Roberts called it to Davidian's attention;
3. Order Davidian, within fourteen days, to serve separate and complete answers to Interrogatories Nos. 1–13, signed by Davidian and made under oath after reasonable inquiry;
4. Order Davidian, within fourteen days, to serve signed, request-by-request responses to Requests for Production Nos. 1–12; state what will be produced and whether responsive material is being withheld; conduct a diligent search and reasonable inquiry; produce all responsive documents within his possession, custody, or control; and either produce the documents as kept in the usual course of business or organize and label them to correspond to the requests;
5. Find objections to the interrogatories waived under Rule 33(b)(4) absent a particularized showing of good cause, and disregard the unsigned and nonspecific Rule 34 objections under Rules 26(g)(2) and 34(b)(2)(B)–(C);
6. Alternatively, if the Court does not confirm automatic admissions as to all RFAs, determine under Rule 36(a)(6) that the answers to RFAs Nos. 2–6, 8–14, 16, 22, 27, 29, 35–40, and 43–46 do not comply with Rule 36(a)(4)–(5), order Davidian to serve rule-compliant amended answers within seven days, and recognize RFA No. 42 as expressly admitted if the Court gives the unsigned response document any effect;
7. Impose any appropriate sanction for noncooperation under LBR 7026-1(c)(4); and
8. Grant such additional relief as is just, while reserving any Rule 37(b) remedy unless and until Davidian disobeys an order.

## TABLE OF CONTENTS


**NOTICE OF MOTION .......... 1**

RELIEF REQUESTED .......... 2

**MEMORANDUM OF POINTS AND AUTHORITIES .......... 6**

I. Summary .......... 6

II. Roberts Satisfied the Conference Requirement; Davidian Made a Joint Stipulation Impossible .......... 7

III. All 46 Requests for Admission Are Admitted .......... 8

IV. The Challenged RFA Answers Are Independently Insufficient .......... 9

V. The Interrogatory Answers Must Be Signed Under Oath and Completed .......... 10

VI. The Rule 34 Responses and Limited Production Are Inadequate .......... 11

**CONCLUSION .......... 13**

**DECLARATION OF GREGG ROBERTS AND DECLARATION OF NONCOOPERATION .......... Decl. 1**

EXHIBIT LIST .......... Decl. 4

**SEPARATE STATEMENT OF DISCOVERY DISPUTES .......... Sep. Stmt. 1**

A. Requests for Admission Nos. 1–46 .......... Sep. Stmt. 1

B. Interrogatories Nos. 1–13 .......... Sep. Stmt. 23

C. Requests for Production Nos. 1–12 .......... Sep. Stmt. 31

## TABLE OF AUTHORITIES

**CASES**

*Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104 (9th Cir. 2000) .................. 9
*Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242 (9th Cir. 1981) .................. 9
*Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) .................. 8
*Rogers v. Giurbino*, 288 F.R.D. 469 (S.D. Cal. 2012) .................. 12

**FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Rules 7026, 7033, 7034, 7036, and 7037 .................. 2
Rule 9006(a), (f) .................. 6

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 26(g)(1)–(2) .................. 3, 7, 9, 11
Rule 33(b)(3)–(5) .................. 3, 10–11
Rule 34(b)(2)(B)–(C), (E) .................. 3, 11
Rule 36(a)(3)–(6), (b) .................. 2–3, 6, 8–10, 13
Rule 37(a)(1), (4), (b) .................. 3, 7, 10

**LOCAL BANKRUPTCY RULES**

LBR 7026-1(c), (c)(3)(C), (c)(4) .................. 3, 7–8, 13
LBR 9013-1(f), (h) .................. 2

**MEMORANDUM OF POINTS AND AUTHORITIES**

*I.* *Summary*

On May 20, 2026, Roberts served Davidian by mail with 46 Requests for Admission. Two days later, Roberts served by mail 13 Interrogatories and 12 Requests for Production. Under Rules 9006(a) and (f), the RFA responses were due June 22, 2026, and the interrogatory and production responses were due June 25, 2026. On June 22, Davidian requested an extension through the end of July. Roberts did not agree to an extension of that length but, in the ensuing correspondence, gave Davidian until July 8 to provide complete responses. On July 7, Davidian stated that he was mailing them. Roberts does not seek relief based on the untimeliness of Davidian's purported responses.

Within a few days after July 7, Roberts received from Davidian by Certified Mail one combined three-page document purporting to answer all three sets of discovery. It contains no signature. The interrogatory answers also contain no oath or verification. The three response-table pages are Exhibit 1. Thirty-three pages of material appended to the response packet are described in Roberts' declaration and intentionally omitted from the exhibits.

Roberts expressly raised the signature, verification, and substantive defects and requested cure and a telephone conference on July 31, 2026. He followed up directly with Davidian on August 1. Davidian did not respond, participate in a conference, or cure any defect.

The signature defects have direct consequences under the governing rules. Rule 36(a)(3) requires a signed answer or objection; absent a valid signed response, the matters are admitted.

Rule 26(g)(2) provides that other parties need not act on an unsigned discovery response and that the court must strike it unless the omission is promptly corrected. Many purported answers are independently inadequate because they substitute lack of memory for reasonable inquiry, answer different questions, use unspecified objections, refer Roberts to documents or third parties, and fail to identify or produce responsive records. Roberts does not challenge as substantively insufficient those RFA answers that clearly admitted or specifically denied the matter; he relies on their signature defect alone.

The discovery is relevant and proportional to the needs of this adversary proceeding. It is confined to the March 2019 financing and disposition of proceeds, the related bank accounts and checks, expenditures affecting the real property at 8517 Marklein, North Hills CA 91343 ("the Property"), Davidian's COVID-related contention, and the alleged Stepanyan obligation and deed of trust. Those subjects bear directly on pleaded or proposed claims and defenses, Davidian has superior access to much of the information, and the number of interrogatories and production requests is modest.

## *II. Roberts Satisfied the Conference Requirement; Davidian Made a Joint Stipulation Impossible*

Rule 37(a)(1) and LBR 7026-1(c) require a good-faith effort to confer. On July 31, 2026, Roberts sent Davidian and Sevan Gorginian a detailed written notice. It identified the missing signatures and verification, specified the defective requests by number, stated the corrective responses sought, and requested three available times for a telephonic conference within seven days. Exhibit 2.

At 5:31 p.m. that day, Gorginian stated that he did not represent Davidian in this adversary proceeding but expressly stated: "I'll send you the Wells Fargo statements that we gave to Swift. You may already have them." Exhibit 3. On August 1, Roberts emailed Davidian directly, requested acknowledgment of receipt, and reproduced the detailed July 31 conference request. Exhibit 4.

On September 17, Roberts again contacted Gorginian and also contacted counsel for Swift Financial in an effort to obtain the referenced Wells Fargo records. No Wells Fargo statements were provided. Exhibit 3 includes Roberts' September 17 follow-up to Gorginian.

Davidian provided no conference dates, did not participate in any conference, did not cure the response defects, and did not supply contentions for a joint stipulation. His nonresponse made both a conference and a joint stipulation impossible. Roberts therefore submits the declaration of noncooperation below under LBR 7026-1(c)(3)(C), together with a separate statement setting out each request, response, deficiency, and requested relief.

### *III. All 46 Requests for Admission Are Admitted*

Rule 36(a)(3) provides that a matter is admitted unless, within the response period, the responding party serves a written answer or objection "signed by the party or its attorney." Davidian served no signed RFA answer or objection. The admissions arose automatically; an order merely confirms their effect. See *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

Davidian's self-represented status does not excuse compliance with the discovery rules. See *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000).

Rule 26(g)(2) independently provides that another party has no duty to act on an unsigned discovery response and that the court must strike it unless the omission is promptly corrected after being called to the responding party's attention. Roberts expressly called out the omission on July 31. Davidian did not correct it.

Davidian has not moved under Rule 36(b) to withdraw or amend the admissions. A late signature or unilateral supplemental response cannot itself erase an admission; withdrawal or amendment requires application of Rule 36(b) by the Court.

*IV. The Challenged RFA Answers Are Independently Insufficient*

If the Court reaches sufficiency, Rule 36(a)(4) requires an answer to admit, specifically deny, or state in detail why the party cannot truthfully do either. A denial must fairly respond to the substance. Lack of knowledge is permitted only if the party states that it made reasonable inquiry and the information known or readily obtainable remains insufficient. Rule 36(a)(5) requires the grounds for an objection.

The targeted answers to RFAs Nos. 2–6, 8–14, 16, 22, 27, 29, 35–40, and 43–46 repeatedly say "I don't remember" without describing reasonable inquiry, answer a different question, fail to separate admitted and denied portions, refer Roberts to documents rather than answer, or assert "I don't understand" or another objection without a specific ground. See *Asea, Inc. v. Southern Pacific Transportation Co.*, 669 F.2d 1242, 1245–47 (9th Cir. 1981). Roberts

therefore seeks confirmation of the signature-based admissions and, alternatively, an order compelling amended answers under Rule 36(a)(6).

RFA No. 42 received the unequivocal response "Admit." If the Court gives the unsigned response document any effect, that express admission should be recognized as binding. The five documentary exhibits served with the RFAs, Bates Nos. 134–191, are included with Exhibit 5 because they bear directly on RFAs Nos. 35 and 42–46.

*V. <u>The Interrogatory Answers Must Be Signed Under Oath and Completed</u>*

Rule 33(b)(3) requires each interrogatory to be answered separately and fully in writing under oath. Rule 33(b)(5) requires the person making the answers to sign them and counsel to sign objections. Davidian did neither. Rule 37(a)(4) treats an evasive or incomplete answer as a failure to answer.

Beyond signature and verification, Interrogatories Nos. 1, 3–5, and 7–13 remain materially incomplete. The responses omit requested financing details, purposes and recipient relationships for transfers, the components of the Stepanyan transaction, Property-expenditure details, account routing, record-preservation efforts, and known Stepanyan contact information. Interrogatories Nos. 2 and 6 require signature and verification even if no further substantive answer is ordered.

The Stepanyan-related discovery is relevant to the existence and amount of the alleged obligation and the validity, priority, and extent of the deed of trust lien. This motion seeks

complete responses from Davidian concerning facts and documents within his possession, custody, or control; it does not attribute any position or conduct to Stepanyan.

Rule 33(b)(4) provides that any ground not stated in a timely objection is waived unless the Court excuses the failure for good cause. Davidian did not serve a signed objection, and the unsigned paper states no developed, particularized good-cause basis for preserving any objection.

*VI. The Rule 34 Responses and Limited Production Are Inadequate*

Rule 34(b)(2)(B) requires a separate response to each request stating that inspection and production will be permitted or stating a specific objection. Rule 34(b)(2)(C) requires an objection to say whether responsive material is being withheld. Rule 34(b)(2)(E) requires documents to be produced as kept in the usual course of business or organized and labeled to correspond to the requests. Rule 26(g)(1) requires the signature certification; Rule 26(g)(2) requires striking when an omitted signature is not promptly cured.

Davidian’s narratives do not consistently state whether production will occur, identify documents already produced by request or category, state whether responsive materials are withheld, distinguish possession from custody or control, or establish a diligent search and reasonable inquiry where he claims that records no longer exist. Repeated directions to obtain records from Retail Capital, a bank, a mortgage servicer, or other companies do not answer whether Davidian possesses or controls responsive materials. If no responsive documents exist, or none are within his possession, custody, or control, he must say so with enough specificity to

show that he made a reasonable inquiry and exercised due diligence. See *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).

The limited appended production did not cure the facial deficiencies in the Rule 34 responses. It consisted of a two-page Mr. Cooper mortgage statement dated August 14, 2025; twelve pages comprising recorded copies of three abstracts of judgment; and nineteen pages of Bank of America check-image material previously supplied to Roberts. A single 2025 mortgage statement did not answer a request covering March 2019 through December 2020. Recorded abstracts did not substitute for the underlying financing records requested. Previously supplied check images did not provide the requested account statements, deposit and wire records, transaction histories, or records supporting the asserted business purposes of the checks. The production also contained no records substantiating the alleged Stepanyan obligation. Roberts's declaration describes the omitted pages in greater detail.

After the July 31 conference request, Gorginian – while disclaiming representation of Davidian in this adversary proceeding – stated that he would send Wells Fargo statements previously provided to Swift Financial. Roberts followed up directly with Davidian on August 1 and with Gorginian and Swift's counsel on September 17. Davidian did not respond, the discovery defects were not cured, and no Wells Fargo statements were provided. Exhibits 2–4. The correspondence is submitted only to document Roberts's conferral efforts, diligence, and the continued nonproduction—not to prove or disprove the validity or amount of any claim or defense.

**CONCLUSION**

The Court should confirm RFAs Nos. 1–46 admitted, strike the entire unsigned combined response document, compel signed, sworn, complete interrogatory answers and signed, complete Rule 34 responses and production on the requested schedule, impose any appropriate sanction under LBR 7026-1(c)(4) for noncooperation, and grant the alternative Rule 36(a)(6) relief if necessary.

Dated: September 21, 2026.

Respectfully submitted,

Gregg Roberts

Gregg Roberts

Plaintiff, Assignee of Record and Judgment Creditor, Pro Se

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Gregg Roberts<br>43430 E Florida Ave F-293<br>Hemet CA 92544<br>951-350-5371<br>gregg@legalsupport-sc.com<br>Assignee of Record and Judgment Creditor, Pro Se<br><br>___ *Attorney for Movant*<br>_X_ *Movant appearing without an attorney* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Armen Davidian<br><br>Debtor(s). | CASE NO.: 1:25-bk-11688-MB<br>CHAPTER: 7 |
| Gregg Roberts<br>Plaintiff(s)<br>v.<br>Armen Davidian<br>Defendant(s) | ADV. NO. 1:25-ap-01080-MB<br><br>**SUPPLEMENTAL NOTICE RE: AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO FOR REMOTE APPEARANCE**<br><br>HEARING DATE: Tues, October 13, 2026<br>HEARING TIME: 2:30 PM<br>HEARING LOCATION: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367 |

**Movant:** Gregg Roberts

1. The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned adversary proceeding, on the date and time and at the location indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

   **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO CONFIRM MATTERS ADMITTED; STRIKE UNSIGNED RESPONSES; COMPEL SIGNED, VERIFIED, AND COMPLETE RESPONSES AND PRODUCTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF GREGG ROBERTS AND DECLARATION OF NONCOOPERATION; SEPARATE STATEMENT OF DISCOVERY DISPUTES**

2. In addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video. Information on how to appear using ZoomGov is provided on the following page of this notice.

3. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

4. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

5. **Members of the public and the press may only connect to the zoom audio feed, and only by telephone. Access to the video feed by these individuals is prohibited. In the case of a trial or evidentiary hearing, no audio access will be provided. However, members of the public and the press may observe all proceedings in person.**

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required. The use of ZoomGov is free of charge to participants.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

8. **All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**

9. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

10. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1655861639 |
| Meeting ID: | 165 586 1639 |
| Password: | 821186 |
| Telephone: | (669) 254-5252 or (646) 828-7666 |

11. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date: 9/21/2026

N/A
Printed name of law firm (if applicable)

Gregg Roberts
Printed name of individual Movant or attorney for Movant

**NOTE: Unless otherwise ordered by Judge Barash: (i) this form should not be used for any trial or evidentiary hearing and (ii) no party or witness may appear remotely for any trial or evidentiary hearing.**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): Plaintiff's Notice of Motion and Motion to Confirm Matters Admitted; Strike Unsigned Responses; Compel Signed, Verified, and Complete Responses and Production; Memorandum of Points and Authorities; Declaration of Gregg Roberts with Seven Exhibits; and Declaration of Noncooperation; Separate Statement of Discovery Disputes; SUPPLEMENTAL NOTICE RE: AVAILABILITY OF ZOOM will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I do not have access to CM/ECF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 09/21/2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343

Judge: Hon. Martin R. Barash, US Bankruptcy Court, 21041 Burbank Blvd, Ste 342 / CR 303, Woodland Hills CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/21/2026 | ABDOUL DIARRA | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |