# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): 1. Notice of Hearing and Objection, and Objection to Claimed Exemption in Real Property, with Declaration in Support; and Supplemental Notice Re: Availability of Zoomgov Audio and Video for Remote Appearance

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I do not have access to CM/ECF.

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 11/07/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

1. Debtor Counsel: Sevan Gorginian, 516 Burchett St, Suite 200, Glendale, CA 91203
2. Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343
3. Judge: Hon. Martin R. Barash, US Bankruptcy Court, 21041 Burbank Blvd, Ste 342, CR 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/07/2025 | Ana Vigneron | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit 4

Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | Case #1:25-bk-11688-MB<br>Chapter 7<br>Adv. No. #1:25-ap-01080-MB<br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

Defendant Armen Davidian ("Defendant") is requested to admit or deny the following Requests for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure (https://www.law.cornell.edu/rules/frcp/rule_36), made applicable here by Rule 7036 of the Federal Rules of Bankruptcy Procedure (https://www.law.cornell.edu/rules/frbp/rule_7036).

**INSTRUCTIONS**

1. Each Request for Admission shall be answered separately and fully in writing.

2. If You deny only part of a Request, specify the part admitted and the part denied.

3. If You lack sufficient information to admit or deny a Request, state that You made a reasonable inquiry and that the information known or readily obtainable remains insufficient to enable You to admit or deny.

4. If You object to a Request, state the specific grounds for the objection.

5. These Requests are continuing in nature. If You obtain additional information responsive to any Request after serving responses, You are required to supplement Your responses pursuant to Rule 26(e).

6. Any document referred to in a response should be identified by Bates number if previously produced.

7. Unless otherwise indicated, the relevant time period for these Requests is January 1, 2019 through the present.

**DEFINITIONS**

“Retail Capital” means Retail Capital LLC and/or its agents, representatives, successors, assigns, and affiliated entities.

“Property” means the real property located at 8517 Marklein Avenue, North Hills, California 91343.

“Stepanyan Deed of Trust” means the Deed of Trust recorded on March 21, 2019, as Instrument No. 2019-0251159 in the Official Records of Los Angeles County, identifying Narine Stepanyan as beneficiary.

"You" or "Your" means Defendant Armen Davidian.

**REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 1:

Admit that You obtained financing from Retail Capital in March 2019.

REQUEST FOR ADMISSION NO. 2:

Admit that You made only one successful payment on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 3:

Admit that a subsequent attempted payment on the Retail Capital obligation was dishonored or returned unpaid.

REQUEST FOR ADMISSION NO. 4:

Admit that You did not thereafter cure the default on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 5:

Admit that You defaulted on the Retail Capital obligation no later than April 2019.

REQUEST FOR ADMISSION NO. 6:

Admit that governmental COVID-19 restrictions in California did not begin taking effect until March 2020.

REQUEST FOR ADMISSION NO. 7:

Admit that Your default on the Retail Capital obligation occurred before the onset of governmental COVID-19 restrictions in California.

REQUEST FOR ADMISSION NO. 8:

Admit that, during a recorded communication with a representative of Retail Capital, You acknowledged understanding that obtaining additional loans during the term of the Retail Capital obligation would constitute an event of default.

REQUEST FOR ADMISSION NO. 9:

Admit that You obtained additional financing from one or more sources during March 2019.

REQUEST FOR ADMISSION NO. 10:

Admit that You obtained additional financing during the term of the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 11:

Admit that You did not use any portion of the proceeds of any additional March 2019 financing to bring the Retail Capital obligation current.

REQUEST FOR ADMISSION NO. 12:

Admit that, during March 2019, funds totaling more than $250,000 were withdrawn from one or more accounts under Your control.

REQUEST FOR ADMISSION NO. 13:

Admit that the balance of at least one bank account under Your control was reduced to zero during March 2019.

REQUEST FOR ADMISSION NO. 14:

Admit that multiple checks written during March 2019 were written in round-number amounts.

REQUEST FOR ADMISSION NO. 15:

Admit that at least one March 2019 check was made payable to Yourself.

REQUEST FOR ADMISSION NO. 16:

Admit that at least two March 2019 checks were made payable to your fictitious business name GS Custom Bar & Furniture.

REQUEST FOR ADMISSION NO. 17:

Admit that You no longer possess invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

REQUEST FOR ADMISSION NO. 18:

Admit that You have not produced invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

REQUEST FOR ADMISSION NO. 19:

Admit that at least one business payee to which You wrote check in March 2019 was in the business of limousine service.

REQUEST FOR ADMISSION NO. 20:

Admit that the Stepanyan Deed of Trust was recorded on March 21, 2019.

REQUEST FOR ADMISSION NO. 21:

Admit that the Stepanyan Deed of Trust states a principal amount of $300,000.

REQUEST FOR ADMISSION NO. 22:

Admit that Narine Stepanyan used the Property address as her mailing address in connection with the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 23:

Admit that Narine Stepanyan signed the proof of service relating to Your Answer in this adversary proceeding.

REQUEST FOR ADMISSION NO. 24:

Admit that Narine Stepanyan used the Property address on the proof of service relating to Your Answer in this adversary proceeding.

REQUEST FOR ADMISSION NO. 25:

Admit that You have not filed any lawsuit against Narine Stepanyan seeking to quiet title against the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 26:

Admit that You did not disclose the alleged Stepanyan loan during Your conferral communications with Plaintiff concerning the loss of Retail Capital funds.

REQUEST FOR ADMISSION NO. 27:

Admit that You did not use any alleged Stepanyan loan proceeds to resume payments to Retail Capital.

REQUEST FOR ADMISSION NO. 28:

Admit that You contend the Stepanyan loan was a genuine loan transaction.

REQUEST FOR ADMISSION NO. 29:

Admit that You contend Narine Stepanyan advanced funds to You in connection with the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 30:

Admit that You claimed a homestead exemption in the Property in Your bankruptcy schedules.

REQUEST FOR ADMISSION NO. 31:

Admit that You resided at the Property at the time the Stepanyan Deed of Trust was recorded.

REQUEST FOR ADMISSION NO. 32:

Admit that You continue to reside at the Property.

REQUEST FOR ADMISSION NO. 33:

Admit that You expended funds on the Property after March 2019 (including through mortgage payments).

REQUEST FOR ADMISSION NO. 34:

Admit that Your declaration blaming COVID-19 for the failure of Your business refers to events occurring after Your default on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 35:

Admit that the Bank of America document entitled “Activity Alert: Service Inactivation for Bill Pay” — Ex. 1 to this RFA document — is dated 3/19/19, which was after the account balance had already been reduced to zero.

REQUEST FOR ADMISSION NO. 36:

Admit that You have no written communication from Bank of America informing You that your account with Bank of America was going to be closed.

REQUEST FOR ADMISSION NO. 37:

Admit that You have no written communication from Bank of America directing You to write checks to vendors in round-number amounts.

REQUEST FOR ADMISSION NO. 38:

Admit that You could have transferred all funds from the Bank of America account to an account at a different financial institution through a single payment such as a cashier's check or wire transfer.

REQUEST FOR ADMISSION NO. 39:

Admit that You have no written communication from Bank of America instructing You not to continue making payments to Retail Capital.

REQUEST FOR ADMISSION NO. 40:

Admit that You did not preserve complete written records explaining the disposition of all funds obtained from Retail Capital, the alleged Stepanyan loan, or the other loans evidenced in your March 2019 Bank of America statement, including but not limited to the loan identified as coming from or through WebBank and/or Swift Financial.

REQUEST FOR ADMISSION NO. 41:

Admit that, after March 2019, You made no effort to restructure, renegotiate, or cure the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 42:

Admit that Ex. 1 to this RFA document, Bates 134, is a true and correct copy of the "Activity Alert: Service Inactivation for Bill Pay" that was provided to me on your behalf by your attorney Sevan Gorginian.

REQUEST FOR ADMISSION NO. 43:

Admit that Ex. 2 to this RFA document, Bates 135-164, is a true and correct copy of a set of statements pertaining to a Bank of America business account -1868 in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

REQUEST FOR ADMISSION NO. 44:

Admit that Ex. 3 to this RFA document, Bates 165-184, is a true and correct copy of a set of canceled check images pertaining to the same Bank of America business account -1868 referenced in the previous request, in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE, that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

REQUEST FOR ADMISSION NO. 45:

Admit that Ex. 4 to this RFA document, Bates 185, is a true and correct copy of Fly Venture Corporation's April 18, 2019 Statement of Information filed with the Secretary of State of California, downloadable free of charge from https://bizfileonline.sos.ca.gov/search/business (more directly, from https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/068212090014218142185245092240112045042075028043).

REQUEST FOR ADMISSION NO. 46:

Admit that Ex. 5 to this RFA document, Bates 186-191, is a true and correct copy of a Deed of Trust executed by you to Narine Stepanyan as Trustee and Beneficiary on March 12, 2019 and recorded in the Official Public Records of Los Angeles County at Recording #20190251159 on March 21, 2019.

Dated this 20th day of May, 2026.

Respectfully submitted,

[signature]

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se

Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | Case #1:25-bk-11688-MB<br>Chapter 7<br>Adv. No. #1:25-ap-01080-MB<br>**PLAINTIFF GREGG ROBERTS' FIRST SET OF INTERROGATORIES TO DEFENDANT ARMEN DAVIDIAN** |

Defendant Armen Davidian ("Defendant") is requested to answer the following Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure (https://www.law.cornell.edu/rules/frcp/rule_33), made applicable here by Rule 7033 of the Federal Rules of Bankruptcy Procedure (https://www.law.cornell.edu/rules/frbp/rule_7033).

**INSTRUCTIONS**

1. Each Interrogatory shall be answered separately and fully in writing under oath.

2. If You object to an Interrogatory, state the specific grounds for the objection and answer the remaining portion to which no objection is asserted.
3. If You cannot answer an Interrogatory in full after reasonable inquiry, answer to the extent possible, specifying the portion that You are unable to answer and the reasons for Your inability to answer fully.
4. These Interrogatories are continuing in nature. If You obtain additional responsive information after serving Your responses, You are required to supplement Your responses pursuant to Rule 26(e).
5. Any document referred to in a response should be identified by Bates number if previously produced.

**DEFINITIONS**

"Retail Capital" means Retail Capital LLC and/or its agents, representatives, successors, assigns, and affiliated entities.

"Property" means the real property located at 8517 Marklein Avenue, North Hills, California 91343.

"Stepanyan Deed of Trust" means the Deed of Trust recorded on March 21, 2019, as Instrument No. 2019-0251159 in the Official Records of Los Angeles County, identifying Narine Stepanyan as beneficiary (Exhibit 5 to the Plaintiff's First Set of Requests for Admissions (Bates 186-191).

"You" or "Your" means Defendant Armen Davidian.

**INTERROGATORY NO. 1**

Identify all loans, advances, merchant cash advances, lines of credit, or other financing that You obtained, applied for, negotiated, or received during the period January 1, 2019 through May 31, 2019, including:

(a) the identity of the lender or source;

(b) the amount;

(c) the date funds were received;

(d) the institution and account into which the funds were deposited; and

(e) the disposition of the proceeds.

**INTERROGATORY NO. 2**

State all facts concerning Your understanding, at the time You obtained the Retail Capital financing, regarding whether obtaining additional financing during the term of the Retail Capital obligation would constitute an event of default.

**INTERROGATORY NO. 3**

State all facts concerning any effort by You to:

(a) obtain Retail Capital's consent to obtain additional financing;

(b) obtain Retail Capital's consent to use loan proceeds for purposes unrelated to Your furniture business;

(c) renegotiate or restructure the Retail Capital obligation;

or

(d) cure any default under the Retail Capital obligation.

**INTERROGATORY NO. 4**

Identify each person or entity to whom checks or transfers totaling more than $5,000 were made from Your Bank of America account during March 2019, and for each:

(a) state the amount;

(b) the purpose of the payment;

(c) whether You possess invoices or supporting documentation;

and

(d) in what way(s) the recipient related to the furniture business.

**INTERROGATORY NO. 5**

State all facts concerning the business activities of NB Transportation and Fly Venture Corporation known to You during 2019.

**INTERROGATORY NO. 6**

State all facts concerning any ownership interest, investment interest, profit-sharing arrangement, employment relationship, or anticipated business relationship You had with:

(a) NB Transportation;

(b) Fly Venture Corporation;

or

(c) any limousine or transportation-related business

from January 1, 2019 through December 31, 2021.

**INTERROGATORY NO. 7**

State all facts concerning the alleged loan from Narine Stepanyan, including:

(a) when discussions began;

(b) how the loan amount was determined;

(c) how funds were transferred;

(d) the source of the funds;

(e) all repayment terms;

(f) all collateral;

and

(g) all payments ever made on the alleged obligation.

**INTERROGATORY NO. 8**

Identify all documents supporting Your contention that Narine Stepanyan actually paid $300,000 or any other amount to You as allegedly secured by the “Stepanyan Deed of Trust”.

**INTERROGATORY NO. 9**

State all facts concerning expenditures made on the Property during the period March 2019 through May 2026, including:

(a) mortgage payments;

(b) improvements;

(c) renovations;

(d) contractor payments;

and

(e) principal reductions;

and the sources of each of those expenditures.

**INTERROGATORY NO. 10**

State all facts supporting Your contention that COVID-19 caused or materially contributed to Your inability to repay Retail Capital, including the dates on which You contend such effects first occurred.

**INTERROGATORY NO. 11**

Identify all accounts into which:

(a) proceeds of the Retail Capital financing;

(b) proceeds of the alleged Stepanyan loan;

or

(c) proceeds of any other 2019 financing

were deposited, transferred, or routed.

**INTERROGATORY NO. 12**

Describe all efforts You made to preserve records relating to:

(a) the Retail Capital funds;

(b) the alleged Stepanyan loan;

(c) the WebBank and/or Swift Financial loan proceeds;

and

(d) the checks identified in Exhibit 3 to the Plaintiff's First Set of Requests for Admissions (Bates 165-184).

**INTERROGATORY NO. 13**

Identify all addresses at which Narine Stepanyan works, resides, and/or receives mail, and when she stopped receiving mail at the Property.

Dated this 22nd day of May, 2026.

Respectfully submitted,

Gregg Roberts

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se

Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | Case #1:25-bk-11688-MB<br>Chapter 7<br>Adv. No. #1:25-ap-01080-MB<br>**PLAINTIFF GREGG ROBERTS' FIRST SET OF REQUESTS FOR DOCUMENTS PROPOUNDED TO DEFENDANT ARMEN DAVIDIAN** |

Defendant Armen Davidian ("Defendant") is requested to produce the documents and electronically stored information described below pursuant to Rule 34 of the Federal Rules of Civil Procedure (https://www.law.cornell.edu/rules/frcp/rule_34), made applicable here by Rule 7034 of the Federal Rules of Bankruptcy Procedure (https://www.law.cornell.edu/rules/frbp/rule_7034).

**INSTRUCTIONS**

1. Each Request for Production shall be responded to separately in writing.

2. For each Request, state whether inspection and related activities will be permitted as requested, or state with specificity the grounds for any objection.

3. If You object to part of a Request, produce all responsive materials to which no objection is asserted.

4. If any responsive document was once in Your possession, custody, or control but no longer is, identify the document and explain its disposition.

5. These Requests are continuing in nature. If You obtain additional responsive documents or information after serving Your responses, You are required to supplement Your responses pursuant to Rule 26(e).

6. Any responsive documents previously produced should be identified by Bates number.

7. Electronically stored information may be produced in native format or in reasonably usable form.

**DEFINITIONS**

“Document” and “documents” shall have the broadest meaning permitted under Rule 34 and include electronically stored information.

“Retail Capital” means Retail Capital LLC and/or its agents, representatives, successors, assigns, and affiliated entities.

“Property” means the real property located at 8517 Marklein Avenue, North Hills, California 91343.

"Stepanyan Deed of Trust" means the Deed of Trust recorded on March 21, 2019, as Instrument No. 2019-0251159 in the Official Records of Los Angeles County, identifying Narine Stepanyan as beneficiary.

"You" or "Your" means Defendant Armen Davidian.

**REQUEST FOR PRODUCTION NO. 1**

All documents relating to the Retail Capital financing, including applications, agreements, communications, underwriting materials, recordings, repayment schedules, and notices of default.

**REQUEST FOR PRODUCTION NO. 2**

All documents relating to any financing obtained by You during 2019 from any source other than Retail Capital, including WebBank and/or Swift Financial.

**REQUEST FOR PRODUCTION NO. 3**

All bank statements, cancelled checks, wire records, deposit records, and transaction histories for all accounts into which Retail Capital funds or other March 2019 loan proceeds were deposited.

**REQUEST FOR PRODUCTION NO. 4**

All invoices, contracts, receipts, purchase orders, work orders, or other documents supporting the checks and withdrawals identified in Exhibit 3 to the Plaintiff's First Set of Requests for Admissions (Bates 165-184).

**REQUEST FOR PRODUCTION NO. 5**

All documents relating to NB Transportation and Fly Venture Corporation in Your possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6**

All documents relating to the alleged loan from Narine Stepanyan, including:

(a) promissory notes;

(b) communications;

(c) transfer records;

(d) bank records;

(e) repayment records;

(f) security agreements;

and

(g) tax documents.

**REQUEST FOR PRODUCTION NO. 7**

All documents evidencing the source of any funds allegedly advanced by Narine Stepanyan.

**REQUEST FOR PRODUCTION NO. 8**

All documents relating to expenditures on the Property during the period March 2019 through December 2020, including mortgage payments, contractor payments, renovation expenses, and material purchases.

**REQUEST FOR PRODUCTION NO. 9**

All documents relating to Your contention that COVID-19 caused or materially contributed to Your inability to repay Retail Capital.

**REQUEST FOR PRODUCTION NO. 10**

All communications between You and Retail Capital concerning:

(a) additional financing;

(b) default;

(c) repayment;

(d) restructuring;

or

(e) use of loan proceeds.

**REQUEST FOR PRODUCTION NO. 11**

Documents sufficient to evidence the current residence, work, or mailing address of Narine Stepanyan, and the date when she allegedly stopped receiving mail at the Property address.

**REQUEST FOR PRODUCTION NO. 12**

Documents including emails and text messages between you and Narine Stepanyan concerning any of the following:

(a) The Stepanyan Deed of Trust,

(b) The indebtedness represented by that Deed of Trust;

(c) The alleged dispute between You and Narine Stepanyan regarding the indebtedness represented by the Deed of Trust; and

(d) The subpoena directed to Narine Stepanyan by the Plaintiff (a copy of which was also served upon You).

Dated this 22nd day of May, 2026.

Respectfully submitted,

[signature]

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se

| RFA Number | Response by Armen Davidian |
|---|---|
| 1 | Yes I got a loan. |
| 2 | I made payments from what I remember the best I could. |
| 3 | I don't remember, I deny |
| 4 | Yes I fell behind in payments. |
| 5 | Yes I fell behind in payments. I don't remember when. |
| 6 | I don't remember, I deny |
| 7 | No, I deny. |
| 8 | I don't remember, I deny |
| 9 | I don't remember, I deny |
| 10 | Yes I got financing. Deny rest. I don't remember. |
| 11 | I fell behind in payments. |
| 12 | I don't remember, deny |
| 13 | Yes the bank closed my bank account. I don't know what accounts you are referencing specifically. |
| 14 | Yes checks were written but amounts are on the check. You have the checks. |
| 15 | Yes |
| 16 | I don't remember but the checks are in your hands, so it says it on the check. |
| 17 | It has been over 6 years, I don't have invoices. |
| 18 | It has been over 6 years, I don't have invoices. |
| 19 | Deny, the business could have been any service because I made furniture for limo and other vehicles. |
| 20 | Yes |
| 21 | Yes |
| 22 | I don't know, Stepanyan would know or it is on the deed of trust. |
| 23 | Yes |
| 24 | Yes |
| 25 | Yes |
| 26 | Deny, I was never asked and it has been many years. |
| 27 | I dont know what you mean by resume payments. The loan from Stepanyan is different. |
| 28 | Admit. I owe her money. Object to word loan transactions. |
| 29 | Admit I owe her money. Object to word advanced funds. |
| 30 | Yes |
| 31 | Yes |
| 32 | Yes |
| 33 | Admit that I paid for expenses on my property. It's my home. |
| 34 | No, deny. |
| 35 | I don't understand and object. |
| 36 | Deny, bank told me the account is closed. |
| 37 | Admit in part, deny in part. |
| 38 | Deny I did that. |
| 39 | Deny. Bank of America did not instruct me. |
| 40 | Deny and I object what you mean by records. |
| 41 | Deny |
| 42 | Admit |
| 43 | I don't understand. I object or deny. |
| 44 | I don't understand. I object or deny. |
| 45 | I don't understand. I object or deny. |
| 46 | I don't understand. I object or deny. |

| Request Production Number | Response from Davidian |
|---|---|
| 1 | Like I said many times, this is is over 6 years ago. Retail Capital is who you got your judgment from. They have everything and you can get it from them. |
| 2 | I have the judgmetn from Swift Financial. I don't know who Webbank is and I did not get other financing. |
| 3 | I gave you all the bank statements before and will resend it again. You can ask the bank by subpoena. The bank gave me what they had and i gave it to you. |
| 4 | Like I said many times, I don't have invoices and documents from 6+ years ago and I was not required to keep them either. Give me the law or IRS rule showing I had to keep it. People throw things away. I did not know I was going to be filing bankruptcy in the future for me to keep everything to go give to you. People throw things away and I don't have these invoices, letters, what you are asking me for. |
| 5 | I don't have any documents for this, it was 6+ years ago. Those companies did work and I paid them. |
| 6 | The document is the deed of trust for Stepanyan that you already have with you. There are no other documents. She gave me loans and money over many years as I explaind in my other answer and I gave her a lien on my home. |
| 7 | No documents. |
| 8 | I don't know what you mean by expenditures. My mortgage company has records and I will give you mortgage statement. I don't have the other documents. |
| 9 | I don't understand this. You want documents about Covid-19 that made my business stop working? Everyone knows the pandemic caused businesses to close down. |
| 10 | Retail Capital is your client or who you got the judgment from. You can ask them for the communications. I don't have communications but I did try to repay Retail Caiptal. |
| 11 | I don't have documents showing where Stepanyan lives, works or her mailing address. She lived with me temporarily and moved out. |
| 12 | There are no documents or emails or text messages between Stepanyan and me about the deed of trust or the other things you asked for. She was not served with the subpoena. |

| Question | My Answer from Davidian |
|---|---|
| 1 | I got loan from Retail Capital. The amount is on the loan agreeemtn which you should have because you work with Retail Capital. I can't remember the exact amount. |
| 2 | No I did not think that. I am not a lawyer and my English is not good. I did not think getting additional financing would be a problem. |
| 3 | I did not think I needed to ask for permission to get more money. That is not how it was explained to me. The loan was given to me and I used it for the business and its operations and repay debts. I do not understand what restructure means but I did ask for payment plan with Retail Capital and I tried to repay to the best of my ability but my business suffered big losses. |
| 4 | You have the checks so you can see who it is written payable to. These are creditors/vendors that I repaid. You are asking for invoices from 6 years ago. As a general consumer with no understanding of the law and as an immigrant, I was not required to keep invoices and I do not have invoices from 6 years ago. You keep asking me for the same things from 2019. If in 2019 I knew was going to file bankruptcy 6 years later, I would keep the documents. People don't keep receipts, invoices and papers from 6 years ago. They throw things away. |
| 5 | Those are businesses that worked with my business. If you have questions about the business activities of NB Transportation and Fly Venture Corporation, you should go ask them. But they are companies that were owed money and I repaid them. |
| 6 | No ownership, no investment interest, no profit sharing, no employment relationship or anticipated business relationship with NB transportation, Fly Venture corporation and limousin transportation business. |
| 7 | Discussions with Stepanyan began in 2005. I bought my house in 2009 and she gave me a lot of loans for many years. I could not repay her so instead I gave her a lien against my home with the deed of trust you asked about for Stepanyan. She is owed money and I gave her a lien as security for her repayment. |
| 8 | Stepanyan gave me cash throughout 2009 to 2012 in different amounts. Sometimes she gave me checks. The end amount was a lot. Since I could not pay her back, I decided to give a lien against my home otherwise she would have probably sued me. |
| 9 | Yes I paid for my property including property mortgage, taxes, insurance, gardner. I fixed and repaired issues with my home. You are making it like I turned my house into a Beverly Hills Mansion, which I did not. You are mistaking and lying. |
| 10 | My business was in the service business involving vehicles and upgrades. I have told you this before and explained in detail. After Covid, all of the orders and jobs went away. When there are no customers, I lost money and tried to keep going but over 3 years of pandemic losses and clients are gone. |
| 11 | For retail capital, it went into bank of america account. For Stepanyan, it was in my personal account but mostly cash throughout many yeras she gave me. I did not have other 2019 financing and I object because it is not clear. |
| 12 | You are asking about records from 6+ years ago. I was under no obligation to keep records. Does every business owner required to keep records? Tell me what law says that? Am I supposed to keep all receipts? Tell me what law or IRS rule says that? I don't have the records because it is more than 6+ years ago and I went to the bank and got all the statements I could for you. |
| 13 | I don't know where Stepanyan works. She used to temporarily live at my house but she moved out. |

# Exhibit 5

Gregg Roberts
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

August 1, 2026

Armen Davidian
8517 Marklein
North Hills CA 91343

Re: US Bankruptcy Case #25-ap-01080-MB - Discovery Conferral Pursuant to LBR 7026-1(c)

Mr. Davidian,

I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.

I am not asking you to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.

**1. Signatures and verification**

The copy served upon me appears to contain no signature or verification page.

Please provide:

1. Interrogatory answers signed by you under oath, as required by Rule 33(b)(3) and (5); and
2. Discovery responses and objections bearing the signature required by Rule 26(g).

If signed or verified pages were served separately, please resend them.

**2. Requests for Admission**

The following responses do not squarely admit or deny the matters requested, rely solely upon lack of memory without describing any reasonable inquiry, contain nonspecific objections, or answer a different question:

- **RFAs 1–6:** The answers do not resolve the precise matters requested, including the timing of the loan, the number of successful payments, the dishonored payment, whether the default was cured, and the date of default.

- **RFAs 8–14 and 16:** Several answers state "I don't remember, I deny," or refer me to documents already in my possession, without stating that you conducted a reasonable inquiry and that readily obtainable information remained insufficient.
- **RFA 22:** you can examine the deed of trust and admit or deny whether it identifies the Property as Stepanyan's mailing address.
- **RFAs 27–29:** The responses do not clearly admit or deny whether Stepanyan proceeds were used to resume Retail Capital payments, whether you contend the transaction was genuine, and whether he contends Stepanyan advanced funds.
- **RFAs 35–40:** The responses either assert nonspecific objections, answer whether conduct occurred rather than whether it could have occurred, fail to identify the admitted and denied portions, or fail to address whether written communications exist.
- **RFAs 43–46:** These requests ask you to authenticate documents supplied by his own attorney, public records, or a deed he executed. "I don't understand. I object or deny" is not a definite admission, denial, or specific objection.

Please serve amended answers that admit, deny, or explain in detail why you cannot truthfully do either after reasonable inquiry. Where only part is admitted, the admitted and denied portions should be separately identified.

**3. Interrogatories**

Please supplement the following answers:

- **Interrogatory 1:** Identify every financing transaction from January through May 2019—including Retail Capital and Swift Financial/WebBank—and provide each lender, amount, funding date, deposit account, and disposition of proceeds.
- **Interrogatory 3:** Answer each subpart separately concerning consent to additional financing, use of funds, restructuring, and curing the default.
- **Interrogatory 4:** Identify every payment exceeding $5,000, including the amount, purpose, supporting documents, and relationship of the recipient to the furniture business. Referring me to the check images does not answer the requested purpose or business relationship.
- **Interrogatory 5:** State all facts known to you about the activities of NB Transportation and Fly Venture Corporation. Directing me to ask those entities does not disclose your own knowledge.
- **Interrogatory 7:** Answer each subpart concerning the Stepanyan transaction, including how the alleged $300,000 amount was calculated, every transfer, the source of the funds, repayment terms, interest, maturity, collateral, and payments.

- **Interrogatory 8:** Identify every document supporting the alleged Stepanyan advances. If none exists, state that unequivocally after reasonable inquiry.
- **Interrogatory 9:** Identify the dates, amounts, purposes, and sources of Property expenditures, rather than merely listing general categories of household expenses.
- **Interrogatory 10:** Identify the dates and specific events upon which you base your COVID-related explanation.
- **Interrogatory 11:** Identify each financial institution and account into which the Retail Capital, Stepanyan, Swift/WebBank, or other financing proceeds were deposited, transferred, or routed.
- **Interrogatory 12:** Describe separately the preservation and retrieval efforts made for each category of records identified in the interrogatory.
- **Interrogatory 13:** Provide every residence, work, and mailing address for Stepanyan, and all phone numbers for her, known to you and the approximate date she ceased receiving mail at the Property.

**Your attorney has acknowledged that your response or production was incomplete concerning Wells Fargo and he stated that he would ask you to provide the Wells Fargo statements. Please confirm whether that request has been made. Please produce all statements, deposit records, transfer records, and check images for any Wells Fargo account you opened, owned, controlled, or used during 2019, including records identifying the opening deposit and any transfers from the Bank of America account. If you contend that you cannot obtain the records because the account is closed, please identify when and how you requested them from Wells Fargo, whom you spoke to or corresponded with, and provide the bank's response.**

**4. Requests for Production**

The responses should be amended to comply with Rule 34 by stating, separately for each request:

1. Whether responsive documents will be produced;
2. Which documents have been produced, identified by Bates number;
3. Whether responsive materials are being withheld;
4. The specific basis for any objection; and
5. If documents once existed but no longer do, their nature and what happened to them.

The following substantive deficiencies also require correction:

- **RFPs 1 and 10:** You may not merely direct me to Retail Capital. You must produce responsive documents in his possession, custody, or control, or state after reasonable inquiry that none exists.
- **RFP 2:** Identify and produce all Swift Financial/WebBank documents. The response acknowledges possession of a Swift judgment but does not clearly identify all responsive documents or explain the absence of the underlying financing records.
- **RFP 3:** Identify every responsive account and produce the statements, deposit records, transfer records, and transaction histories for those accounts.
- **RFPs 4–7:** If no supporting invoices, vendor documents, Stepanyan loan records, or source-of-funds records exist, please confirm that fact after a diligent search and explain, to the extent known, when and how formerly possessed records were disposed of.
- **RFP 8:** The single August 2025 mortgage statement does not respond to the requested March 2019 through December 2020 period. Please produce the mortgage payment history, statements, principal-payment history, and responsive Property expenditure documents for the requested period.
- **RFP 9:** Either produce responsive COVID-related documents or state clearly that none exists after reasonable inquiry.
- **RFPs 11 and 12:** Confirm the search performed for Stepanyan address records and communications, including emails, text messages, stored telephone data, and other accounts or devices.

Please provide three dates and times within the next seven calendar days when you are available for a telephone conference. Tuesdays and Thursdays are best for me but I also have times available on Monday, Wednesday, and Friday afternoon. Please also advise whether you will serve signed and verified supplemental responses and complete the supplemental production within fourteen days.

If disputes remain after our conference, I will prepare the initial draft of the joint stipulation required by LBR 7026-1(c).

Sincerely,

*/s/ Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): US Bankruptcy Case #25-ap-01080-MB - Discovery Conferral Pursuant to LBR 7026-1(c) (four pages)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 08/03/2026 [handwritten correction: 4 (VB)], I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/03/2026 [handwritten correction: 4 (VB)] | Vito A. Vitale III | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

# Exhibit 6

**Subject:** Re: Case #25-ap-01080-MB - Discovery conferral pursuant to LBR 7026-1(c)
**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Date:** 9/17/2026, 2:35 PM
**To:** "Sevan Gorginian, Esq." <sevan@gorginianlaw.com>

Despite your statement below, I never saw any Wells Fargo statements. That's why I just sent the message I sent to Mr. Schlechter.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 7/31/2026 7:31 PM, Sevan Gorginian, Esq. wrote:

> Gregg, I don't represent him in the adversary.
>
> I'll send you the Wells Fargo statements that we gave to Swift. You may already have them.
>
> I'm hoping this case can get settled. But it's up to you.
>
> Sevan Gorginian, Esq.
> Attorney at Law
>
> Bankruptcy and Living Trusts
> 516 Burchett St. Suite 200
> Glendale, CA 91203
> 818.928.4445
> sevan@gorginianlaw.com
> www.GorginianLaw.com
>
> On Fri, Jul 31, 2026, 5:31 PM Gregg Roberts <gregg@legalsupport-sc.com> wrote:
>
>> Gentlemen,
>>
>> I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's ("Davidian") responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.
>>
>> I am not asking Davidian to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.
>>
>> **1. Signatures and verification**
>>
>> The copy served upon me appears to contain no signature or verification page. Please provide:
>>
>> 1. Interrogatory answers signed by Davidian under oath, as required by Rule 33(b)(3) and (5); and
>> 2. Discovery responses and objections bearing the signature required by Rule 26(g).

**Exhibit 6, p. 1 of 1**

# Exhibit 7

**Subject:** Re: Case #25-ap-01080-MB - Discovery conferral pursuant to LBR 7026-1(c)
**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Date:** 8/1/2026, 8:01 PM
**To:** Armen Davidian <xcho520i@yahoo.com>

Mr. Davidian,

I will serve you by mail with a version of the message below addressed only to you, but please acknowledge receipt of this email. We have to be able to set appointments to talk using modern technology. The Court will not take kindly to unnecessary barriers to communication.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 7/31/2026 5:31 PM, Gregg Roberts wrote:

> Gentlemen,
>
> I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's ("Davidian") responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.
>
> I am not asking Davidian to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.
>
> **1. Signatures and verification**
>
> The copy served upon me appears to contain no signature or verification page. Please provide:
>
> 1. Interrogatory answers signed by Davidian under oath, as required by Rule 33(b)(3) and (5); and
> 2. Discovery responses and objections bearing the signature required by Rule 26(g).
>
> If signed or verified pages were served separately, please resend them.
>
> I further note that Davidian earlier declined to agree that we could serve each other via email, yet he sent me his discovery responses to me only via email. He cannot have it both ways. It would be more efficient for all of us if we could use email for everything going forward. I will not ignore any bounce message that I receive after sending an email to Davidian; I will follow up by a re-send, a phone call, and if needed a physical mailing. Today, I have never received any bounce message after sending an email to Davidian. If Davidian receives a large amount of email and is concerned that emails from me might get lost, I am putting him on notice that he is able to set up a "mail rule" or "filter" (different terms are used by different email systems) that will direct emails from me into a folder that he creates for this purpose. He can then periodically check that folder at his convenience, rather than having to be afraid of missing something in a large stream of emails from all his correspondents.
>
> **2. Requests for Admission**
>
> The following responses do not squarely admit or deny the matters requested, rely solely upon lack of memory without

describing any reasonable inquiry, contain nonspecific objections, or answer a different question:

- **RFAs 1–6:** The answers do not resolve the precise matters requested, including the timing of the loan, the number of successful payments, the dishonored payment, whether the default was cured, and the date of default.
- **RFAs 8–14 and 16:** Several answers state "I don't remember, I deny," or refer me to documents already in my possession, without stating that Davidian conducted a reasonable inquiry and that readily obtainable information remained insufficient.
- **RFA 22:** Davidian can examine the deed of trust and admit or deny whether it identifies the Property as Stepanyan's mailing address.
- **RFAs 27–29:** The responses do not clearly admit or deny whether Stepanyan proceeds were used to resume Retail Capital payments, whether Davidian contends the transaction was genuine, and whether he contends Stepanyan advanced funds.
- **RFAs 35–40:** The responses either assert nonspecific objections, answer whether conduct occurred rather than whether it could have occurred, fail to identify the admitted and denied portions, or fail to address whether written communications exist.
- **RFAs 43–46:** These requests ask Davidian to authenticate documents supplied by his own attorney, public records, or a deed he executed. "I don't understand. I object or deny" is not a definite admission, denial, or specific objection.

Please serve amended answers that admit, deny, or explain in detail why Davidian cannot truthfully do either after reasonable inquiry. Where only part is admitted, the admitted and denied portions should be separately identified.

**3. Interrogatories**

Please supplement the following answers:

- **Interrogatory 1:** Identify every financing transaction from January through May 2019—including Retail Capital and Swift Financial/WebBank—and provide each lender, amount, funding date, deposit account, and disposition of proceeds.
- **Interrogatory 3:** Answer each subpart separately concerning consent to additional financing, use of funds, restructuring, and curing the default.
- **Interrogatory 4:** Identify every payment exceeding $5,000, including the amount, purpose, supporting documents, and relationship of the recipient to the furniture business. Referring me to the check images does not answer the requested purpose or business relationship.
- **Interrogatory 5:** State all facts known to Davidian about the activities of NB Transportation and Fly Venture Corporation. Directing me to ask those entities does not disclose Davidian's own knowledge.
- **Interrogatory 7:** Answer each subpart concerning the Stepanyan transaction, including how the alleged $300,000 amount was calculated, every transfer, the source of the funds, repayment terms, interest, maturity, collateral, and payments.
- **Interrogatory 8:** Identify every document supporting the alleged Stepanyan advances. If none exists, state that unequivocally after reasonable inquiry.
- **Interrogatory 9:** Identify the dates, amounts, purposes, and sources of Property expenditures, rather than merely listing general categories of household expenses.
- **Interrogatory 10:** Identify the dates and specific events upon which Davidian bases his COVID-related explanation.
- **Interrogatory 11:** Identify each financial institution and account into which the Retail Capital, Stepanyan, Swift/WebBank, or other financing proceeds were deposited, transferred, or routed.
- **Interrogatory 12:** Describe separately the preservation and retrieval efforts made for each category of records identified in the interrogatory.
- **Interrogatory 13:** Provide every residence, work, and mailing address for Stepanyan, and all phone numbers for her, known to Davidian and the approximate date she ceased receiving mail at the Property.

**Mr. Gorginian, as to Wells Fargo, you previously acknowledged that Davidian's response or production was incomplete concerning Wells Fargo and stated that you would ask him to provide the Wells Fargo statements. Please confirm whether that request has been made. Please produce all statements, deposit records, transfer records, and check images for any Wells Fargo account Davidian opened, owned, controlled, or used during 2019,**

**including records identifying the opening deposit and any transfers from the Bank of America account. If Davidian contends that he cannot obtain the records because the account is closed, please identify when and how he requested them from Wells Fargo and provide the bank's response. In the alternative, please have Davidian authorize Swift's counsel to forward me at this email address all the same records that they received from Davidian, directly or indirectly, pertaining to any and all Wells Fargo accounts.**

**4. Requests for Production**

The responses should be amended to comply with Rule 34 by stating, separately for each request:

1. Whether responsive documents will be produced;
2. Which documents have been produced, identified by Bates number;
3. Whether responsive materials are being withheld;
4. The specific basis for any objection; and
5. If documents once existed but no longer do, their nature and what happened to them.

The following substantive deficiencies also require correction:

- **RFPs 1 and 10:** Davidian may not merely direct me to Retail Capital. He must produce responsive documents in his possession, custody, or control, or state after reasonable inquiry that none exists.
- **RFP 2:** Identify and produce all Swift Financial/WebBank documents. The response acknowledges possession of a Swift judgment but does not clearly identify all responsive documents or explain the absence of the underlying financing records.
- **RFP 3:** Identify every responsive account and produce the statements, deposit records, transfer records, and transaction histories for those accounts.
- **RFPs 4–7:** If no supporting invoices, vendor documents, Stepanyan loan records, or source-of-funds records exist, please confirm that fact after a diligent search and explain, to the extent known, when and how formerly possessed records were disposed of.
- **RFP 8:** The single August 2025 mortgage statement does not respond to the requested March 2019 through December 2020 period. Please produce the mortgage payment history, statements, principal-payment history, and responsive Property expenditure documents for the requested period.
- **RFP 9:** Either produce responsive COVID-related documents or state clearly that none exists after reasonable inquiry.
- **RFPs 11 and 12:** Confirm the search performed for Stepanyan address records and communications, including emails, text messages, stored telephone data, and other accounts or devices.

Please provide three dates and times within the next seven calendar days when you are available for a telephone conference. Please also advise whether Davidian will serve signed and verified supplemental responses and complete the supplemental production within fourteen days.

If disputes remain after our conference, I will prepare the initial draft of the joint stipulation required by LBR 7026-1(c).

Sincerely,

*/s/ Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

--
Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544

951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.