Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | AP Case #1:25-ap-01080-MB<br>Chapter 7<br>Main Case #1:25-bk-11688-MB<br><br>**DECLARATION OF GREGG ROBERTS AND DECLARATION OF NONCOOPERATION UNDER LBR 7026-1(c)(3)(C)**<br><br>Hearing Date/Time: Tues, Oct. 13, 2026, 2:30 PM<br>Location: 21041 Burbank Blvd, Courtroom 303, Woodland Hills, CA 91367<br>See also separately filed and served Supplemental Notice regarding ZoomGov remote appearance<br>Judge: Hon. Martin Barash |

I, Gregg Roberts, declare:

1. I am Plaintiff, the assignee of record, judgment creditor, and real party in interest. I have personal knowledge of the procedural facts stated here and could testify competently to them.

2. I served Davidian with Plaintiff's First Set of Requests for Admission on May 20, 2026, and my First Set of Interrogatories and First Set of Requests for Production on May 22, 2026. Because the requests were served by mail, the RFA responses were due June 22, 2026, and the interrogatory and production responses were due June 25, 2026. True copies and proofs of service are Exhibits 5, 6, and 7. Exhibit 5 includes the five documentary exhibits served with the Requests for Admission, Bates Nos. 134–191.

3. Within a few days of the July 7 mailing date, I received Davidian's combined purported responses. The three response-table pages are Exhibit 1. They contain no signature by Davidian or counsel and no oath or sworn verification of the interrogatory answers.

4. The materials Davidian mailed with those three response-table pages consisted of 33 additional pages: (a) a two-page Mr. Cooper mortgage statement dated August 14, 2025, although Request for Production No. 8 sought Property-expenditure and mortgage records for March 2019 through December 2020; (b) twelve pages comprising recorded copies of three abstracts of judgment—two arising from the Retail Capital judgment and one arising from the Swift Financial/WebBank judgment; and (c) nineteen pages of Bank of America check-image material that Gorginian had previously provided to me, rather than the account statements, deposit records, wire records, and transaction histories that I requested. The appended material contained no Wells Fargo records, mortgage-payment or principal-balance history for the requested period, underlying Retail Capital or Swift/WebBank financing records, records supporting the stated business purposes of the March 2019 checks, documents supporting the alleged Stepanyan obligation or source of funds, COVID-related records, or Stepanyan address or communication records. Some of the appended pages

contain unredacted financial-account numbers; the 33 pages are therefore described here rather than filed.

5. On July 31, 2026, I emailed Davidian and Sevan Gorginian the detailed conference request attached as Exhibit 2. It did not bounce. I identified the missing signatures and verification, addressed the inadequate responses by request number, requested corrected responses, and requested three available times for a telephone conference within seven days.

6. At 5:31 p.m. on July 31, 2026, Gorginian stated that he did not represent Davidian in this adversary proceeding and then expressly stated: “I’ll send you the Wells Fargo statements that we gave to Swift. You may already have them.” That message is included in Exhibit 3.

7. On August 1, 2026, I emailed Davidian directly, requested that he acknowledge receipt, and reproduced the detailed July 31 conference request. That direct follow-up is Exhibit 4.

8. In the early afternoon of September 17, 2026, I emailed counsel for Swift Financial and asked whether he would provide the Wells Fargo records Swift had obtained under subpoena. A few minutes later, I emailed Gorginian again and stated that, despite his July 31 statement, I had never received any Wells Fargo statements and had therefore contacted Swift’s counsel. That follow-up message is also included in Exhibit 3.

9. As of the date of this declaration, neither Gorginian nor Swift’s counsel has responded to my September 17 messages, and no one has provided me with the referenced Wells Fargo statements. Davidian never responded to either my July 31 conference request or my August 1 direct follow-up, never participated in the requested conference, and never supplied his position for a joint stipulation. I have received no signed RFA responses, sworn interrogatory answers, signed Rule 34 responses, supplemental responses, or additional documents curing the deficiencies identified in Exhibit 2. Davidian’s nonresponse made both the conference

and a joint stipulation impossible. I have therefore set out my position request by request in the separate statement submitted with this motion.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 21, 2026 at Hemet, California.

Gregg Roberts

Gregg Roberts

Plaintiff, Assignee of Record and Judgment Creditor, Pro Se

**EXHIBIT LIST**

Exhibit 1: Davidian's complete three-page combined purported responses to Roberts' Requests for Admission, Interrogatories, and Requests for Production, excluding documents produced with the responses.

Exhibit 2: Roberts' July 31, 2026 LBR 7026-1(c) conference request and detailed discovery-deficiency letter.

Exhibit 3: July 31, 2026 Gorginian email disclaiming representation in the adversary proceeding and promising Wells Fargo statements, together with Roberts's September 17, 2026 follow-up.

Exhibit 4: Roberts' August 1, 2026 direct follow-up to Davidian reproducing the July 31 conference request and requesting acknowledgment.

Exhibit 5: Roberts' First Set of Requests for Admission to Davidian, including five documentary exhibits, Bates Nos. 134–191, and proof of service.

Exhibit 6: Roberts' First Set of Interrogatories to Davidian and proof of service.

Exhibit 7: Roberts' First Set of Requests for Production to Davidian and proof of service.

# Exhibit 1

| RFA Number | Response by Armen Davidian |
|---|---|
| 1 | Yes I got a loan. |
| 2 | I made payments from what I remember the best I could. |
| 3 | I don't remember, I deny |
| 4 | Yes I fell behind in payments. |
| 5 | Yes I fell behind in payments. I don't remember when. |
| 6 | I don't remember, I deny |
| 7 | No, I deny. |
| 8 | I don't remember, I deny |
| 9 | I don't remember, I deny |
| 10 | Yes I got financing. Deny rest. I don't remember. |
| 11 | I fell behind in payments. |
| 12 | I don't remember, deny |
| 13 | Yes the bank closed my bank account. I don't know what accounts you are referencing specifically. |
| 14 | Yes checks were written but amounts are on the check. You have the checks. |
| 15 | Yes |
| 16 | I don't remember but the checks are in your hands, so it says it on the check. |
| 17 | It has been over 6 years, I don't have invoices. |
| 18 | It has been over 6 years, I don't have invoices. |
| 19 | Deny, the business could have been any service because I made furniture for limo and other vehicles. |
| 20 | Yes |
| 21 | Yes |
| 22 | I don't know, Stepanyan would know or it is on the deed of trust. |
| 23 | Yes |
| 24 | Yes |
| 25 | Yes |
| 26 | Deny, I was never asked and it has been many years. |
| 27 | I dont know what you mean by resume payments. The loan from Stepanyan is different. |
| 28 | Admit. I owe her money. Object to word loan transactions. |
| 29 | Admit I owe her money. Object to word advanced funds. |
| 30 | Yes |
| 31 | Yes |
| 32 | Yes |
| 33 | Admit that I paid for expenses on my property. It's my home. |
| 34 | No, deny. |
| 35 | I don't understand and object. |
| 36 | Deny, bank told me the account is closed. |
| 37 | Admit in part, deny in part. |
| 38 | Deny I did that. |
| 39 | Deny. Bank of America did not instruct me. |
| 40 | Deny and I object what you mean by records. |
| 41 | Deny |
| 42 | Admit |
| 43 | I don't understand. I object or deny. |
| 44 | I don't understand. I object or deny. |
| 45 | I don't understand. I object or deny. |
| 46 | I don't understand. I object or deny. |

**Exhibit 1, p. 1 of 3**

| Request Production Number | Response from Davidian |
|---|---|
| 1 | Like I said many times, this is is over 6 years ago. Retail Capital is who you got your judgment from. They have everything and you can get it from them. |
| 2 | I have the judgmetn from Swift Financial. I don't know who Webbank is and I did not get other financing. |
| 3 | I gave you all the bank statements before and will resend it again. You can ask the bank by subpoena. The bank gave me what they had and i gave it to you. |
| 4 | Like I said many times, I don't have invoices and documents from 6+ years ago and I was not required to keep them either. Give me the law or IRS rule showing I had to keep it. People throw things away. I did not know I was going to be filing bankruptcy in the future for me to keep everything to go give to you. People throw things away and I don't have these invoices, letters, what you are asking me for. |
| 5 | I don't have any documents for this, it was 6+ years ago. Those companies did work and I paid them. |
| 6 | The document is the deed of trust for Stepanyan that you already have with you. There are no other documents. She gave me loans and money over many years as I explaind in my other answer and I gave her a lien on my home. |
| 7 | No documents. |
| 8 | I don't know what you mean by expenditures. My mortgage company has records and I will give you mortgage statement. I don't have the other documents. |
| 9 | I don't understand this. You want documents about Covid-19 that made my business stop working? Everyone knows the pandemic caused businesses to close down. |
| 10 | Retail Capital is your client or who you got the judgment from. You can ask them for the communications. I don't have communications but I did try to repay Retail Caiptal. |
| 11 | I don't have documents showing where Stepanyan lives, works or her mailing address. She lived with me temporarily and moved out. |
| 12 | There are no documents or emails or text messages between Stepanyan and me about the deed of trust or the other things you asked for. She was not served with the subpoena. |

| Question | My Answer from Davidian |
|---|---|
| 1 | I got loan from Retail Capital. The amount is on the loan agreeemtn which you should have because you work with Retail Capital. I can't remember the exact amount. |
| 2 | No I did not think that. I am not a lawyer and my English is not good. I did not think getting additional financing would be a problem. |
| 3 | I did not think I needed to ask for permission to get more money. That is not how it was explained to me. The loan was given to me and I used it for the business and its operations and repay debts. I do not understand what restructure means but I did ask for payment plan with Retail Capital and I tried to repay to the best of my ability but my business suffered big losses. |
| 4 | You have the checks so you can see who it is written payable to. These are creditors/vendors that I repaid. You are asking for invoices from 6 years ago. As a general consumer with no understanding of the law and as an immigrant, I was not required to keep invoices and I do not have invoices from 6 years ago. You keep asking me for the same things from 2019. If in 2019 I knew was going to file bankruptcy 6 years later, I would keep the documents. People don't keep receipts, invoices and papers from 6 years ago. They throw things away. |
| 5 | Those are businesses that worked with my business. If you have questions about the business activities of NB Transportation and Fly Venture Corporation, you should go ask them. But they are companies that were owed money and I repaid them. |
| 6 | No ownership, no investment interest, no profit sharing, no employment relationship or anticipated business relationship with NB transportation, Fly Venture corporation and limousin transportation business. |
| 7 | Discussions with Stepanyan began in 2005. I bought my house in 2009 and she gave me a lot of loans for many years. I could not repay her so instead I gave her a lien against my home with the deed of trust you asked about for Stepanyan. She is owed money and I gave her a lien as security for her repayment. |
| 8 | Stepanyan gave me cash throughout 2009 to 2012 in different amounts. Sometimes she gave me checks. The end amount was a lot. Since I could not pay her back, I decided to give a lien against my home otherwise she would have probably sued me. |
| 9 | Yes I paid for my property including property mortgage, taxes, insurance, gardner. I fixed and repaired issues with my home. You are making it like I turned my house into a Beverly Hills Mansion, which I did not. You are mistaking and lying. |
| 10 | My business was in the service business involving vehicles and upgrades. I have told you this before and explained in detail. After Covid, all of the orders and jobs went away. When there are no customers, I lost money and tried to keep going but over 3 years of pandemic losses and clients are gone. |
| 11 | For retail capital, it went into bank of america account. For Stepanyan, it was in my personal account but mostly cash throughout many yeras she gave me. I did not have other 2019 financing and I object because it is not clear. |
| 12 | You are asking about records from 6+ years ago. I was under no obligation to keep records. Does every business owner required to keep records? Tell me what law says that? Am I supposed to keep all receipts? Tell me what law or IRS rule says that? I don't have the records because it is more than 6+ years ago and I went to the bank and got all the statements I could for you. |
| 13 | I don't know where Stepanyan works. She used to temporarily live at my house but she moved out. |

# Exhibit 2

Gregg Roberts
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

August 1, 2026

Armen Davidian
8517 Marklein
North Hills CA 91343

Re: US Bankruptcy Case #25-ap-01080-MB - Discovery Conferral Pursuant to LBR 7026-1(c)

Mr. Davidian,

I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.

I am not asking you to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.

**1. Signatures and verification**

The copy served upon me appears to contain no signature or verification page.

Please provide:

1. Interrogatory answers signed by you under oath, as required by Rule 33(b)(3) and (5); and
2. Discovery responses and objections bearing the signature required by Rule 26(g).

If signed or verified pages were served separately, please resend them.

**2. Requests for Admission**

The following responses do not squarely admit or deny the matters requested, rely solely upon lack of memory without describing any reasonable inquiry, contain nonspecific objections, or answer a different question:

- **RFAs 1–6:** The answers do not resolve the precise matters requested, including the timing of the loan, the number of successful payments, the dishonored payment, whether the default was cured, and the date of default.

- **RFAs 8–14 and 16:** Several answers state "I don't remember, I deny," or refer me to documents already in my possession, without stating that you conducted a reasonable inquiry and that readily obtainable information remained insufficient.
- **RFA 22:** you can examine the deed of trust and admit or deny whether it identifies the Property as Stepanyan's mailing address.
- **RFAs 27–29:** The responses do not clearly admit or deny whether Stepanyan proceeds were used to resume Retail Capital payments, whether you contend the transaction was genuine, and whether he contends Stepanyan advanced funds.
- **RFAs 35–40:** The responses either assert nonspecific objections, answer whether conduct occurred rather than whether it could have occurred, fail to identify the admitted and denied portions, or fail to address whether written communications exist.
- **RFAs 43–46:** These requests ask you to authenticate documents supplied by his own attorney, public records, or a deed he executed. "I don't understand. I object or deny" is not a definite admission, denial, or specific objection.

Please serve amended answers that admit, deny, or explain in detail why you cannot truthfully do either after reasonable inquiry. Where only part is admitted, the admitted and denied portions should be separately identified.

**3. Interrogatories**

Please supplement the following answers:

- **Interrogatory 1:** Identify every financing transaction from January through May 2019—including Retail Capital and Swift Financial/WebBank—and provide each lender, amount, funding date, deposit account, and disposition of proceeds.
- **Interrogatory 3:** Answer each subpart separately concerning consent to additional financing, use of funds, restructuring, and curing the default.
- **Interrogatory 4:** Identify every payment exceeding $5,000, including the amount, purpose, supporting documents, and relationship of the recipient to the furniture business. Referring me to the check images does not answer the requested purpose or business relationship.
- **Interrogatory 5:** State all facts known to you about the activities of NB Transportation and Fly Venture Corporation. Directing me to ask those entities does not disclose your own knowledge.
- **Interrogatory 7:** Answer each subpart concerning the Stepanyan transaction, including how the alleged $300,000 amount was calculated, every transfer, the source of the funds, repayment terms, interest, maturity, collateral, and payments.

- **Interrogatory 8:** Identify every document supporting the alleged Stepanyan advances. If none exists, state that unequivocally after reasonable inquiry.
- **Interrogatory 9:** Identify the dates, amounts, purposes, and sources of Property expenditures, rather than merely listing general categories of household expenses.
- **Interrogatory 10:** Identify the dates and specific events upon which you base your COVID-related explanation.
- **Interrogatory 11:** Identify each financial institution and account into which the Retail Capital, Stepanyan, Swift/WebBank, or other financing proceeds were deposited, transferred, or routed.
- **Interrogatory 12:** Describe separately the preservation and retrieval efforts made for each category of records identified in the interrogatory.
- **Interrogatory 13:** Provide every residence, work, and mailing address for Stepanyan, and all phone numbers for her, known to you and the approximate date she ceased receiving mail at the Property.

**Your attorney has acknowledged that your response or production was incomplete concerning Wells Fargo and he stated that he would ask you to provide the Wells Fargo statements. Please confirm whether that request has been made. Please produce all statements, deposit records, transfer records, and check images for any Wells Fargo account you opened, owned, controlled, or used during 2019, including records identifying the opening deposit and any transfers from the Bank of America account. If you contend that you cannot obtain the records because the account is closed, please identify when and how you requested them from Wells Fargo, whom you spoke to or corresponded with, and provide the bank's response.**

**4. Requests for Production**

The responses should be amended to comply with Rule 34 by stating, separately for each request:

1. Whether responsive documents will be produced;
2. Which documents have been produced, identified by Bates number;
3. Whether responsive materials are being withheld;
4. The specific basis for any objection; and
5. If documents once existed but no longer do, their nature and what happened to them.

The following substantive deficiencies also require correction:

- **RFPs 1 and 10:** You may not merely direct me to Retail Capital. You must produce responsive documents in his possession, custody, or control, or state after reasonable inquiry that none exists.
- **RFP 2:** Identify and produce all Swift Financial/WebBank documents. The response acknowledges possession of a Swift judgment but does not clearly identify all responsive documents or explain the absence of the underlying financing records.
- **RFP 3:** Identify every responsive account and produce the statements, deposit records, transfer records, and transaction histories for those accounts.
- **RFPs 4–7:** If no supporting invoices, vendor documents, Stepanyan loan records, or source-of-funds records exist, please confirm that fact after a diligent search and explain, to the extent known, when and how formerly possessed records were disposed of.
- **RFP 8:** The single August 2025 mortgage statement does not respond to the requested March 2019 through December 2020 period. Please produce the mortgage payment history, statements, principal-payment history, and responsive Property expenditure documents for the requested period.
- **RFP 9:** Either produce responsive COVID-related documents or state clearly that none exists after reasonable inquiry.
- **RFPs 11 and 12:** Confirm the search performed for Stepanyan address records and communications, including emails, text messages, stored telephone data, and other accounts or devices.

Please provide three dates and times within the next seven calendar days when you are available for a telephone conference. Tuesdays and Thursdays are best for me but I also have times available on Monday, Wednesday, and Friday afternoon. Please also advise whether you will serve signed and verified supplemental responses and complete the supplemental production within fourteen days.

If disputes remain after our conference, I will prepare the initial draft of the joint stipulation required by LBR 7026-1(c).

Sincerely,

*/s/ Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): US Bankruptcy Case #25-ap-01080-MB - Discovery Conferral Pursuant to LBR 7026-1(c) (four pages)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

4 (VB)

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 08/04/2026 [handwritten correction over 08/03/2026], I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4 (VB) 08/03/2026 | Vito A. Vitale III | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# Exhibit 3

**Subject:** Re: Case #25-ap-01080-MB - Discovery conferral pursuant to LBR 7026-1(c)
**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Date:** 9/17/2026, 2:35 PM
**To:** "Sevan Gorginian, Esq." <sevan@gorginianlaw.com>

Despite your statement below, I never saw any Wells Fargo statements. That's why I just sent the message I sent to Mr. Schlechter.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 7/31/2026 7:31 PM, Sevan Gorginian, Esq. wrote:

> Gregg, I don't represent him in the adversary.
>
> I'll send you the Wells Fargo statements that we gave to Swift. You may already have them.
>
> I'm hoping this case can get settled. But it's up to you.
>
> Sevan Gorginian, Esq.
> Attorney at Law
>
> Bankruptcy and Living Trusts
> 516 Burchett St. Suite 200
> Glendale, CA 91203
> 818.928.4445
> sevan@gorginianlaw.com
> www.GorginianLaw.com
>
> On Fri, Jul 31, 2026, 5:31 PM Gregg Roberts <gregg@legalsupport-sc.com> wrote:
>
>> Gentlemen,
>>
>> I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's ("Davidian") responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.
>>
>> I am not asking Davidian to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.
>>
>> **1. Signatures and verification**
>>
>> The copy served upon me appears to contain no signature or verification page. Please provide:
>>
>> 1. Interrogatory answers signed by Davidian under oath, as required by Rule 33(b)(3) and (5); and
>> 2. Discovery responses and objections bearing the signature required by Rule 26(g).

**Exhibit 3, p. 1 of 1**

# Exhibit 4

**Subject:** Re: Case #25-ap-01080-MB - Discovery conferral pursuant to LBR 7026-1(c)
**From:** Gregg Roberts <gregg@legalsupport-sc.com>
**Date:** 8/1/2026, 8:01 PM
**To:** Armen Davidian <xcho520i@yahoo.com>

Mr. Davidian,

I will serve you by mail with a version of the message below addressed only to you, but please acknowledge receipt of this email. We have to be able to set appointments to talk using modern technology. The Court will not take kindly to unnecessary barriers to communication.

Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544
951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

On 7/31/2026 5:31 PM, Gregg Roberts wrote:

Gentlemen,

I am writing pursuant to LBR 7026-1(c) to request a telephonic conference concerning Armen Davidian's ("Davidian") responses to my First Sets of Requests for Admission, Interrogatories, and Requests for Production.

I am not asking Davidian to change any clear denial merely because I disagree with it. I am requesting rule-compliant responses that address each request as written, are based upon reasonable inquiry, and clearly identify the documents produced or withheld.

**1. Signatures and verification**

The copy served upon me appears to contain no signature or verification page. Please provide:

1. Interrogatory answers signed by Davidian under oath, as required by Rule 33(b)(3) and (5); and
2. Discovery responses and objections bearing the signature required by Rule 26(g).

If signed or verified pages were served separately, please resend them.

I further note that Davidian earlier declined to agree that we could serve each other via email, yet he sent me his discovery responses to me only via email. He cannot have it both ways. It would be more efficient for all of us if we could use email for everything going forward. I will not ignore any bounce message that I receive after sending an email to Davidian; I will follow up by a re-send, a phone call, and if needed a physical mailing. Today, I have never received any bounce message after sending an email to Davidian. If Davidian receives a large amount of email and is concerned that emails from me might get lost, I am putting him on notice that he is able to set up a "mail rule" or "filter" (different terms are used by different email systems) that will direct emails from me into a folder that he creates for this purpose. He can then periodically check that folder at his convenience, rather than having to be afraid of missing something in a large stream of emails from all his correspondents.

**2. Requests for Admission**

The following responses do not squarely admit or deny the matters requested, rely solely upon lack of memory without

describing any reasonable inquiry, contain nonspecific objections, or answer a different question:

- **RFAs 1–6:** The answers do not resolve the precise matters requested, including the timing of the loan, the number of successful payments, the dishonored payment, whether the default was cured, and the date of default.
- **RFAs 8–14 and 16:** Several answers state "I don't remember, I deny," or refer me to documents already in my possession, without stating that Davidian conducted a reasonable inquiry and that readily obtainable information remained insufficient.
- **RFA 22:** Davidian can examine the deed of trust and admit or deny whether it identifies the Property as Stepanyan's mailing address.
- **RFAs 27–29:** The responses do not clearly admit or deny whether Stepanyan proceeds were used to resume Retail Capital payments, whether Davidian contends the transaction was genuine, and whether he contends Stepanyan advanced funds.
- **RFAs 35–40:** The responses either assert nonspecific objections, answer whether conduct occurred rather than whether it could have occurred, fail to identify the admitted and denied portions, or fail to address whether written communications exist.
- **RFAs 43–46:** These requests ask Davidian to authenticate documents supplied by his own attorney, public records, or a deed he executed. "I don't understand. I object or deny" is not a definite admission, denial, or specific objection.

Please serve amended answers that admit, deny, or explain in detail why Davidian cannot truthfully do either after reasonable inquiry. Where only part is admitted, the admitted and denied portions should be separately identified.

**3. Interrogatories**

Please supplement the following answers:

- **Interrogatory 1:** Identify every financing transaction from January through May 2019—including Retail Capital and Swift Financial/WebBank—and provide each lender, amount, funding date, deposit account, and disposition of proceeds.
- **Interrogatory 3:** Answer each subpart separately concerning consent to additional financing, use of funds, restructuring, and curing the default.
- **Interrogatory 4:** Identify every payment exceeding $5,000, including the amount, purpose, supporting documents, and relationship of the recipient to the furniture business. Referring me to the check images does not answer the requested purpose or business relationship.
- **Interrogatory 5:** State all facts known to Davidian about the activities of NB Transportation and Fly Venture Corporation. Directing me to ask those entities does not disclose Davidian's own knowledge.
- **Interrogatory 7:** Answer each subpart concerning the Stepanyan transaction, including how the alleged $300,000 amount was calculated, every transfer, the source of the funds, repayment terms, interest, maturity, collateral, and payments.
- **Interrogatory 8:** Identify every document supporting the alleged Stepanyan advances. If none exists, state that unequivocally after reasonable inquiry.
- **Interrogatory 9:** Identify the dates, amounts, purposes, and sources of Property expenditures, rather than merely listing general categories of household expenses.
- **Interrogatory 10:** Identify the dates and specific events upon which Davidian bases his COVID-related explanation.
- **Interrogatory 11:** Identify each financial institution and account into which the Retail Capital, Stepanyan, Swift/WebBank, or other financing proceeds were deposited, transferred, or routed.
- **Interrogatory 12:** Describe separately the preservation and retrieval efforts made for each category of records identified in the interrogatory.
- **Interrogatory 13:** Provide every residence, work, and mailing address for Stepanyan, and all phone numbers for her, known to Davidian and the approximate date she ceased receiving mail at the Property.

**Mr. Gorginian, as to Wells Fargo, you previously acknowledged that Davidian's response or production was incomplete concerning Wells Fargo and stated that you would ask him to provide the Wells Fargo statements. Please confirm whether that request has been made. Please produce all statements, deposit records, transfer records, and check images for any Wells Fargo account Davidian opened, owned, controlled, or used during 2019,**

**including records identifying the opening deposit and any transfers from the Bank of America account. If Davidian contends that he cannot obtain the records because the account is closed, please identify when and how he requested them from Wells Fargo and provide the bank's response. In the alternative, please have Davidian authorize Swift's counsel to forward me at this email address all the same records that they received from Davidian, directly or indirectly, pertaining to any and all Wells Fargo accounts.**

**4. Requests for Production**

The responses should be amended to comply with Rule 34 by stating, separately for each request:

1. Whether responsive documents will be produced;
2. Which documents have been produced, identified by Bates number;
3. Whether responsive materials are being withheld;
4. The specific basis for any objection; and
5. If documents once existed but no longer do, their nature and what happened to them.

The following substantive deficiencies also require correction:

- **RFPs 1 and 10:** Davidian may not merely direct me to Retail Capital. He must produce responsive documents in his possession, custody, or control, or state after reasonable inquiry that none exists.
- **RFP 2:** Identify and produce all Swift Financial/WebBank documents. The response acknowledges possession of a Swift judgment but does not clearly identify all responsive documents or explain the absence of the underlying financing records.
- **RFP 3:** Identify every responsive account and produce the statements, deposit records, transfer records, and transaction histories for those accounts.
- **RFPs 4–7:** If no supporting invoices, vendor documents, Stepanyan loan records, or source-of-funds records exist, please confirm that fact after a diligent search and explain, to the extent known, when and how formerly possessed records were disposed of.
- **RFP 8:** The single August 2025 mortgage statement does not respond to the requested March 2019 through December 2020 period. Please produce the mortgage payment history, statements, principal-payment history, and responsive Property expenditure documents for the requested period.
- **RFP 9:** Either produce responsive COVID-related documents or state clearly that none exists after reasonable inquiry.
- **RFPs 11 and 12:** Confirm the search performed for Stepanyan address records and communications, including emails, text messages, stored telephone data, and other accounts or devices.

Please provide three dates and times within the next seven calendar days when you are available for a telephone conference. Please also advise whether Davidian will serve signed and verified supplemental responses and complete the supplemental production within fourteen days.

If disputes remain after our conference, I will prepare the initial draft of the joint stipulation required by LBR 7026-1(c).

Sincerely,

*/s/ Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

--
Gregg Roberts
http://legalsupport-sc.com
Legal Support Services of Southern California
43430 E. Florida Ave #F-293
Hemet CA 92544

951-350-5371

The information contained in this e-mail message is privileged and confidential information, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, saving, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify me immediately by telephone at 951-350-5371 or reply by e-mail and delete or discard the message.

# Exhibit 5

Gregg Roberts
43430 E Florida Ave F-293
Hemet CA 92544
951-350-5371
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re Armen Davidian,<br>Debtor<br>Gregg Roberts,<br>Assignee of Record and Judgment Creditor,<br>v.<br>Armen Davidian,<br>Debtor / Defendant | Case #1:25-bk-11688-MB<br>Chapter 7<br>Adv. No. #1:25-ap-01080-MB<br>**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |

Defendant Armen Davidian ("Defendant") is requested to admit or deny the following Requests for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure (https://www.law.cornell.edu/rules/frcp/rule_36), made applicable here by Rule 7036 of the Federal Rules of Bankruptcy Procedure (https://www.law.cornell.edu/rules/frbp/rule_7036).

**INSTRUCTIONS**

1. Each Request for Admission shall be answered separately and fully in writing.

2. If You deny only part of a Request, specify the part admitted and the part denied.

3. If You lack sufficient information to admit or deny a Request, state that You made a reasonable inquiry and that the information known or readily obtainable remains insufficient to enable You to admit or deny.

4. If You object to a Request, state the specific grounds for the objection.

5. These Requests are continuing in nature. If You obtain additional information responsive to any Request after serving responses, You are required to supplement Your responses pursuant to Rule 26(e).

6. Any document referred to in a response should be identified by Bates number if previously produced.

7. Unless otherwise indicated, the relevant time period for these Requests is January 1, 2019 through the present.

**DEFINITIONS**

“Retail Capital” means Retail Capital LLC and/or its agents, representatives, successors, assigns, and affiliated entities.

“Property” means the real property located at 8517 Marklein Avenue, North Hills, California 91343.

“Stepanyan Deed of Trust” means the Deed of Trust recorded on March 21, 2019, as Instrument No. 2019-0251159 in the Official Records of Los Angeles County, identifying Narine Stepanyan as beneficiary.

"You" or "Your" means Defendant Armen Davidian.

**REQUESTS FOR ADMISSION**

REQUEST FOR ADMISSION NO. 1:

Admit that You obtained financing from Retail Capital in March 2019.

REQUEST FOR ADMISSION NO. 2:

Admit that You made only one successful payment on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 3:

Admit that a subsequent attempted payment on the Retail Capital obligation was dishonored or returned unpaid.

REQUEST FOR ADMISSION NO. 4:

Admit that You did not thereafter cure the default on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 5:

Admit that You defaulted on the Retail Capital obligation no later than April 2019.

REQUEST FOR ADMISSION NO. 6:

Admit that governmental COVID-19 restrictions in California did not begin taking effect until March 2020.

REQUEST FOR ADMISSION NO. 7:

Admit that Your default on the Retail Capital obligation occurred before the onset of governmental COVID-19 restrictions in California.

REQUEST FOR ADMISSION NO. 8:

Admit that, during a recorded communication with a representative of Retail Capital, You acknowledged understanding that obtaining additional loans during the term of the Retail Capital obligation would constitute an event of default.

REQUEST FOR ADMISSION NO. 9:

Admit that You obtained additional financing from one or more sources during March 2019.

REQUEST FOR ADMISSION NO. 10:

Admit that You obtained additional financing during the term of the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 11:

Admit that You did not use any portion of the proceeds of any additional March 2019 financing to bring the Retail Capital obligation current.

REQUEST FOR ADMISSION NO. 12:

Admit that, during March 2019, funds totaling more than $250,000 were withdrawn from one or more accounts under Your control.

REQUEST FOR ADMISSION NO. 13:

Admit that the balance of at least one bank account under Your control was reduced to zero during March 2019.

REQUEST FOR ADMISSION NO. 14:

Admit that multiple checks written during March 2019 were written in round-number amounts.

REQUEST FOR ADMISSION NO. 15:

Admit that at least one March 2019 check was made payable to Yourself.

REQUEST FOR ADMISSION NO. 16:

Admit that at least two March 2019 checks were made payable to your fictitious business name GS Custom Bar & Furniture.

REQUEST FOR ADMISSION NO. 17:

Admit that You no longer possess invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

REQUEST FOR ADMISSION NO. 18:

Admit that You have not produced invoices supporting any of the checks referenced in Paragraphs 12 through 18 of the First Amended Complaint.

REQUEST FOR ADMISSION NO. 19:

Admit that at least one business payee to which You wrote check in March 2019 was in the business of limousine service.

REQUEST FOR ADMISSION NO. 20:

Admit that the Stepanyan Deed of Trust was recorded on March 21, 2019.

REQUEST FOR ADMISSION NO. 21:

Admit that the Stepanyan Deed of Trust states a principal amount of $300,000.

REQUEST FOR ADMISSION NO. 22:

Admit that Narine Stepanyan used the Property address as her mailing address in connection with the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 23:

Admit that Narine Stepanyan signed the proof of service relating to Your Answer in this adversary proceeding.

REQUEST FOR ADMISSION NO. 24:

Admit that Narine Stepanyan used the Property address on the proof of service relating to Your Answer in this adversary proceeding.

REQUEST FOR ADMISSION NO. 25:

Admit that You have not filed any lawsuit against Narine Stepanyan seeking to quiet title against the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 26:

Admit that You did not disclose the alleged Stepanyan loan during Your conferral communications with Plaintiff concerning the loss of Retail Capital funds.

REQUEST FOR ADMISSION NO. 27:

Admit that You did not use any alleged Stepanyan loan proceeds to resume payments to Retail Capital.

REQUEST FOR ADMISSION NO. 28:

Admit that You contend the Stepanyan loan was a genuine loan transaction.

REQUEST FOR ADMISSION NO. 29:

Admit that You contend Narine Stepanyan advanced funds to You in connection with the Stepanyan Deed of Trust.

REQUEST FOR ADMISSION NO. 30:

Admit that You claimed a homestead exemption in the Property in Your bankruptcy schedules.

REQUEST FOR ADMISSION NO. 31:

Admit that You resided at the Property at the time the Stepanyan Deed of Trust was recorded.

REQUEST FOR ADMISSION NO. 32:

Admit that You continue to reside at the Property.

REQUEST FOR ADMISSION NO. 33:

Admit that You expended funds on the Property after March 2019 (including through mortgage payments).

REQUEST FOR ADMISSION NO. 34:

Admit that Your declaration blaming COVID-19 for the failure of Your business refers to events occurring after Your default on the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 35:

Admit that the Bank of America document entitled “Activity Alert: Service Inactivation for Bill Pay” — Ex. 1 to this RFA document — is dated 3/19/19, which was after the account balance had already been reduced to zero.

REQUEST FOR ADMISSION NO. 36:

Admit that You have no written communication from Bank of America informing You that your account with Bank of America was going to be closed.

REQUEST FOR ADMISSION NO. 37:

Admit that You have no written communication from Bank of America directing You to write checks to vendors in round-number amounts.

REQUEST FOR ADMISSION NO. 38:

Admit that You could have transferred all funds from the Bank of America account to an account at a different financial institution through a single payment such as a cashier's check or wire transfer.

REQUEST FOR ADMISSION NO. 39:

Admit that You have no written communication from Bank of America instructing You not to continue making payments to Retail Capital.

REQUEST FOR ADMISSION NO. 40:

Admit that You did not preserve complete written records explaining the disposition of all funds obtained from Retail Capital, the alleged Stepanyan loan, or the other loans evidenced in your March 2019 Bank of America statement, including but not limited to the loan identified as coming from or through WebBank and/or Swift Financial.

REQUEST FOR ADMISSION NO. 41:

Admit that, after March 2019, You made no effort to restructure, renegotiate, or cure the Retail Capital obligation.

REQUEST FOR ADMISSION NO. 42:

Admit that Ex. 1 to this RFA document, Bates 134, is a true and correct copy of the "Activity Alert: Service Inactivation for Bill Pay" that was provided to me on your behalf by your attorney Sevan Gorginian.

REQUEST FOR ADMISSION NO. 43:

Admit that Ex. 2 to this RFA document, Bates 135-164, is a true and correct copy of a set of statements pertaining to a Bank of America business account -1868 in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

REQUEST FOR ADMISSION NO. 44:

Admit that Ex. 3 to this RFA document, Bates 165-184, is a true and correct copy of a set of canceled check images pertaining to the same Bank of America business account -1868 referenced in the previous request, in the name of ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE, that was provided to me on your behalf by your attorney Sevan Gorginian (except for partial redaction of account numbers).

REQUEST FOR ADMISSION NO. 45:

Admit that Ex. 4 to this RFA document, Bates 185, is a true and correct copy of Fly Venture Corporation's April 18, 2019 Statement of Information filed with the Secretary of State of California, downloadable free of charge from https://bizfileonline.sos.ca.gov/search/business (more directly, from https://bizfileonline.sos.ca.gov/api/report/GetImageByNum/068212090014218142185245092240112045042075028043).

REQUEST FOR ADMISSION NO. 46:

Admit that Ex. 5 to this RFA document, Bates 186-191, is a true and correct copy of a Deed of Trust executed by you to Narine Stepanyan as Trustee and Beneficiary on March 12, 2019 and recorded in the Official Public Records of Los Angeles County at Recording #20190251159 on March 21, 2019.

Dated this 20th day of May, 2026.

Respectfully submitted,

[signature]

Gregg Roberts
Assignee of Record and Judgment Creditor, Pro Se

**Bank of America** 3/19/19
To: gscustombarandfurniture@gm...
>
Reply To: Bank of America >

# Activity Alert: Service Inactivation for Bill Pay

Bank of America

## Activity Alert

BUSINESS CHECKING/SAVINGS ACCOUNT ending in 1868
**Service Inactivation for Bill Pay**

GS CUSTOM BAR & FURNITURE,

We're letting you know that due to changes in the status of your account(s), your Bill Pay service has been inactivated.

Any automatic payment plans, electronic bills (e-Bills), and external Pay From accounts that were set up in Bill Pay have been canceled. In addition, if you had any pending payments through Bill Pay, those have also been canceled. Please ensure that alternative arrangements are made for any payments that are canceled.

**Your last sign-in was 08/23/2016**

To verify that this email is from Bank of America, confirm your last sign-in date is correct. To access Online or Mobile Banking, go directly to bankofamerica.com or use our Mobile Banking App.

**Remember:** We never ask for private information such as an account number, card PIN, or Social Security or Tax ID number in email messages. If you think an email is suspicious, don't click on any links. Instead, forward it to abuse@bankofamerica.com and delete it.

This is a service email from Bank of America. Please note that you may receive service emails in accordance with your Bank of America service agreements, whether or not you elect to receive promotional email.

Read our Privacy Notice.

Please don't reply directly to this automatically generated email message.

Bank of America Email, NC1-028-09-01, 150 N College St., Charlotte, NC 28255

Bank of America, N.A. Member FDIC. Equal Housing Lender
© 2019 Bank of America Corporation. All rights reserved.

This email was sent to: gscustombarandfurniture@gmail.com

Bank of America

Bank of America
PO Box 15284
Wilmington, DE 19850

AD 1010 760 920 00512 #@04 MB 2.298
FURNITURE
8517 MARKLEIN AVE

NORTH HILLS CA 91343

Regarding account number ending: 1868
Reference Number: 20251006000886

October 6, 2025

Dear FURNITURE

Enclosed are copies of items you recently requested. These are the best quality copies we have available.

**What you need to know**
In order to ensure prompt delivery, this mailing may only contain a portion of the items you requested. You may receive another mailing to complete your request within five business days.

**Questions?**
We appreciate the opportunity to serve your financial needs. If you have any questions or need additional assistance, please call the number listed on your most recent statement.

Sincerely,

Fulfillment Operations

Bank of America

Business Advantage
Relationship Rewards

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

# Your Business Fundamentals Checking Relationship Rewards Platinum

for January 1, 2019 to January 31, 2019

Account number: [redacted] 1868

**ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | |
|---|---|
| Beginning balance on January 1, 2019 | $94,018.91 |
| Deposits and other credits | 60,685.00 |
| Withdrawals and other debits | -7,557.00 |
| Checks | -37,500.00 |
| Service fees | -0.00 |
| **Ending balance on January 31, 2019** | **$109,646.91** |

# of deposits/credits: 3
# of withdrawals/debits: 9
# of items-previous cycle[1]: 6
# of days in cycle: 31
Average ledger balance: $98,588.89

[1] *Includes checks paid,deposited items&other debits*

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

Bank of America, N.A. Member FDIC and Equal Housing Lender

Bank of America

Your checking account

ARMEN DAVIDIAN SOLE PROP | Account # [redacted] 1868 | January 1, 2019 to January 31, 2019

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 01/10/19 | Counter Credit | 28,650.00 |
| 01/11/19 | Counter Credit | 18,035.00 |
| 01/22/19 | Counter Credit | 14,000.00 |
| **Total deposits and other credits** | | **$60,685.00** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 01/02/19 | BOFA MERCH SVCS DES:DEPOSIT ID:737209399887 INDN:GS CUSTOM BAR FURNITUR CO ID:XXXXXXXXXB CCD | -181.62 |
| 01/03/19 | CA TLR cash withdrawal from CHK 1868 | -4,000.00 |
| 01/04/19 | Online Banking payment to CRD 2365 Confirmation# 0463017537 | -371.91 |
| 01/22/19 | CA TLR cash withdrawal from CHK 1868 | -3,000.00 |
| 01/31/19 | Online Banking payment to CRD 2365 Confirmation# 0196116309 | -3.47 |
| **Total withdrawals and other debits** | | **-$7,557.00** |

## Checks

| Date | Check # | Amount |
|---|---|---|
| 01/03/19 | 1039 | -7,500.00 |
| 01/10/19 | 1040 | -10,000.00 |
| 01/10/19 | 1041 | -12,000.00 |
| 01/14/19 | 1042 | -8,000.00 |
| **Total checks** | | **-$37,500.00** |
| **Total # of checks** | | **4** |

Bank of America **Business Advantage** LIFE / BETTER CONNECTED®

What's on your mind?

Business owners like you can join the Bank of America® Advisory Panel to help us understand what you like and don't like. Enter code **SBDD** at **bankofamerica.com/AdvisoryPanel** to learn more and join.

Inclusion on the Advisory Panel subject to qualifications.

SSM-04-18-0052.D1 | ARHKGJ65

## Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 12/31/18. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

- ○ $250+ in new net purchases on a linked Business debit card
- ○ $250+ in new net purchases on a linked Business credit card
- ✓ $3,000+ minimum daily balance in primary checking account
- ✓ $5,000+ average monthly balance in primary checking account
- ✓ $15,000+ combined average monthly balance in linked business accounts
- ○ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|---|---|---|---|---|---|
| 01/01 | 94,018.91 | 01/04 | 81,965.38 | 01/14 | 98,650.38 |
| 01/02 | 93,837.29 | 01/10 | 88,615.38 | 01/22 | 109,650.38 |
| 01/03 | 82,337.29 | 01/11 | 106,650.38 | 01/31 | 109,646.91 |

This page intentionally left blank

This page intentionally left blank

Bank of America

Business Advantage
Relationship Rewards

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

# Your Business Fundamentals Checking Relationship Rewards Platinum

for February 1, 2019 to February 28, 2019

Account number: [redacted] 1868

**ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | |
|---|---|
| Beginning balance on February 1, 2019 | $109,646.91 |
| Deposits and other credits | 47,685.00 |
| Withdrawals and other debits | -256.19 |
| Checks | -47,000.00 |
| Service fees | -0.00 |
| **Ending balance on February 28, 2019** | **$110,075.72** |

# of deposits/credits: 8
# of withdrawals/debits: 8
# of items-previous cycle[1]: 10
# of days in cycle: 28
Average ledger balance: $108,762.45
[1]*Includes checks paid,deposited items&other debits*

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

Bank of America, N.A. Member FDIC and Equal Housing Lender

Bank of America

Your checking account

ARMEN DAVIDIAN SOLE PROP | Account # [redacted] 1868 | February 1, 2019 to February 28, 2019

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 02/04/19 | Counter Credit | 3,000.00 |
| 02/05/19 | Counter Credit | 6,060.00 |
| 02/13/19 | Counter Credit | 5,800.00 |
| 02/14/19 | Counter Credit | 6,000.00 |
| 02/19/19 | Counter Credit | 9,200.00 |
| 02/21/19 | BOFA MERCH SVCS DES:DEPOSIT ID:737209399887 INDN:GS CUSTOM BAR FURNITUR CO ID:XXXXXXXXXB CCD | 3,800.00 |
| 02/22/19 | Counter Credit | 6,185.00 |
| 02/25/19 | Counter Credit | 7,640.00 |
| **Total deposits and other credits** | | **$47,685.00** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 02/04/19 | BOFA MERCH SVCS DES:DEPOSIT ID:737209399887 INDN:GS CUSTOM BAR FURNITUR CO ID:XXXXXXXXXB CCD | -11.20 |
| 02/05/19 | Online Banking payment to CRD 2365 Confirmation# 1637906356 | -24.99 |
| Card account # XXXX XXXX XXXX 7907 | | |
| 02/04/19 | CHECKCARD 0201 SAMS CLUB #4824 SANTA CLARITACA 24445009033400147156803 CKCD 5300 XXXXXXXXXXXX7907 XXXX XXXX XXXX 7907 | -100.00 |
| 02/05/19 | COSTCO WHSE #0 02/05 #000497289 PURCHASE COSTCO WHSE #0048 VAN NUYS CA | -120.00 |
| **Subtotal for card account # XXXX XXXX XXXX 7907** | | **-$220.00** |
| **Total withdrawals and other debits** | | **-$256.19** |

## Checks

| Date | Check # | Amount |
|---|---|---|
| 02/05/19 | 1043 | -12,000.00 |
| 02/05/19 | 1044 | -10,000.00 |
| 02/25/19 | 1045 | -15,000.00 |
| 02/26/19 | 1046 | -10,000.00 |
| **Total checks** | | **-$47,000.00** |
| **Total # of checks** | | **4** |

Bank of America **Business Advantage**

LIFE / BETTER CONNECTED®

Online Banking
Tip of the month

Banking at your fingertips

Our Mobile Banking app[1] is certified by J.D. Power® for providing "An Outstanding Customer Experience."[2]

To learn more, and download it for free, visit **bankofamerica.com/getmobileapp**.

[1] Mobile Banking requires that you download the Mobile Banking app and is only available for select mobile devices. Message and data rates may apply.
[2] For J.D. Power award information, visit jdpower.com.
©2018 Bank of America Corporation | ARF3TRPR | SSM-02-18-0009.B

## Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 01/31/19. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

- ○ $250+ in new net purchases on a linked Business debit card
- ○ $250+ in new net purchases on a linked Business credit card
- ✓ $3,000+ minimum daily balance in primary checking account
- ✓ $5,000+ average monthly balance in primary checking account
- ✓ $15,000+ combined average monthly balance in linked business accounts
- ✓ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|---|---|---|---|---|---|
| 02/01 | 109,646.91 | 02/14 | 108,250.72 | 02/22 | 127,435.72 |
| 02/04 | 112,535.71 | 02/19 | 117,450.72 | 02/25 | 120,075.72 |
| 02/05 | 96,450.72 | 02/21 | 121,250.72 | 02/26 | 110,075.72 |
| 02/13 | 102,250.72 | | | | |

This page intentionally left blank

This page intentionally left blank

This page intentionally left blank

This page intentionally left blank

Bank of America

Business Advantage
Relationship Rewards

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

# Your Business Fundamentals Checking Relationship Rewards Platinum Honors

for March 1, 2019 to March 31, 2019

Account number: [redacted]1868

**ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | |
|---|---|
| Beginning balance on March 1, 2019 | $110,075.72 |
| Deposits and other credits | 196,783.48 |
| Withdrawals and other debits | -30,789.20 |
| Checks | -276,070.00 |
| Service fees | -0.00 |
| **Ending balance on March 31, 2019** | **$0.00** |

# of deposits/credits: 6
# of withdrawals/debits: 26
# of items-previous cycle[1]: 11
# of days in cycle: 1
Average ledger balance: $0.00
[1]*Includes checks paid,deposited items&other debits*

Business Advantage
Relationship Rewards
PLATINUM HONORS

Congratulations!
You've reached the Platinum Honors Tier

You're now earning even higher rewards and benefits for the business you do. To ensure you get the most out of the program, make an appointment with a Small Business Specialist at **bankofamerica.com/BizAppointment** or call **888.BUSINESS**.

SSM-11-18-0558.B3 | ARS6GTNH

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

Bank of America, N.A. Member FDIC and Equal Housing Lender

Bank of America

Your checking account

ARMEN DAVIDIAN SOLE PROP | Account # [redacted] 1868 | March 1, 2019 to March 31, 2019

As of 03/12/2019, your account has earned $3.80 in Cash Rewards this year and $3.80 since enrolling in the Bank of America Relationship Rewards program because of your Bank of America Merchant Services processing.

## Deposits and other credits

| Date | Description | Amount |
|---|---|---|
| 03/06/19 | WIRE TYPE:WIRE IN DATE: 190306 TIME:1154 ET TRN:2019030600301611 SEQ:2019030600007184/001889 ORIG:RETAIL CAPITAL LLC ID:1000194715172 SND BK:SU NTRUST BANK ID:061000104 PMT DET:65271822 | 73,710.00 |
| 03/06/19 | WIRE TYPE:WIRE IN DATE: 190306 TIME:1229 ET TRN:2019030600314581 SEQ:2019030600002944/000886 ORIG:WEBBANK CORP ID:0086249760 SND BK:ZIONS BANCO RPORATION, NA DBA ID:124000054 PMT DET:GC0000017V6 QEMAA | 50,000.00 |
| 03/06/19 | Online Banking advance from CRD 0642 Confirmation# 3989487329 | 34,500.00 |
| 03/08/19 | WIRE TYPE:WIRE IN DATE: 190308 TIME:0950 ET TRN:2019030800254903 SEQ:2019030800046806/004601 ORIG:MILLENNIUM TRUST COMPANY ID:XXXXXXXXXX68371 SND BK:WELLS FARGO BANK, NA ID:121000248 PMT DET:4 5094 944CC0A0779C4C868A332A7059926B9C | 38,204.00 |
| 03/12/19 | Bus Adv Rel Rwds-BofA Merchant Svs Cash Reward | 3.80 |
| 03/15/19 | CA TLR transfer | 365.68 |
| **Total deposits and other credits** | | **$196,783.48** |

## Withdrawals and other debits

| Date | Description | Amount |
|---|---|---|
| 03/01/19 | Online Banking payment to CRD 1695 Confirmation# 1745762393 | -50.00 |
| 03/01/19 | Online Banking payment to CRD 2365 Confirmation# 2545766717 | -44.83 |
| 03/01/19 | Online Banking payment to CRD 1841 Confirmation# 4146165329 | -279.00 |
| 03/04/19 | BOFA MERCH SVCS DES:DEPOSIT ID:737209399887 INDN:GS CUSTOM BAR FURNITUR CO ID:XXXXXXXXXB CCD | -86.57 |
| 03/14/19 | RETAIL CAPITAL L DES:PREAUTHPMT ID:RETAIL INDN:ARMEN DAVIDIAN CO ID:1330980261 CCD | -1,523.50 |
| 03/15/19 | CA TLR cash withdrawal from CHK 1868 | -28,805.30 |
| **Total withdrawals and other debits** | | **-$30,789.20** |

Bank of America **Business Advantage** LIFE / BETTER CONNECTED®

Your Digital Tip of the Month

Guaranteed bank-to-bank transfers

Pay individuals, vendors and suppliers who bank at other financial institutions — right from Online Banking. Just log in and click the **Transfers I Send** tab, then select **Send Money to Someone or a Business.**

ARH98YHQ | SSM-03-18-0013.B

## Checks

| Date | Check # | Amount |
|---|---|---|
| 03/06/19 | 1002 | -24,600.00 |
| 03/06/19 | 1003 | -19,170.00 |
| 03/06/19 | 1004 | -35,000.00 |
| 03/07/19 | 1005 | -9,800.00 |
| 03/11/19 | 1008* | -15,000.00 |
| 03/12/19 | 1009 | -10,000.00 |
| 03/14/19 | 1010 | -10,000.00 |
| 03/14/19 | 1011 | -16,000.00 |
| 03/11/19 | 1012 | -22,000.00 |
| 03/12/19 | 1013 | -17,000.00 |
| 03/14/19 | 1014 | -12,000.00 |
| 03/11/19 | 1015 | -8,000.00 |
| 03/14/19 | 1016 | -10,000.00 |
| 03/14/19 | 1017 | -23,500.00 |
| 03/01/19 | 1047* | -10,000.00 |
| 03/01/19 | 1048 | -15,000.00 |
| 03/06/19 | 1049 | -19,000.00 |

**Total checks** -$276,070.00

**Total # of checks** 17

* *There is a gap in sequential check numbers*

## Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 02/28/19. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

- ○ $250+ in new net purchases on a linked Business debit card
- ○ $250+ in new net purchases on a linked Business credit card
- ✓ $3,000+ minimum daily balance in primary checking account
- ✓ $5,000+ average monthly balance in primary checking account
- ✓ $15,000+ combined average monthly balance in linked business accounts
- ✓ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

| Date | Transaction description | Amount |
|---|---|---|
| 03/06/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |
| 03/06/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |
| 03/08/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |

**Total service fees** -$0.00

*Note your Ending Balance already reflects the subtraction of Service Fees.*

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|---|---|---|---|---|---|
| 03/01 | 84,701.89 | 03/07 | 135,255.32 | 03/12 | 101,463.12 |
| 03/04 | 84,615.32 | 03/08 | 173,459.32 | 03/14 | 28,439.62 |
| 03/06 | 145,055.32 | 03/11 | 128,459.32 | 03/15 | 0.00 |

This page intentionally left blank

This page intentionally left blank

Bank of America

Business Advantage
Relationship Rewards

P.O. Box 15284
Wilmington, DE 19850

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

# Your Business Fundamentals Checking Relationship Rewards Platinum Honors

for April 1, 2019 to April 30, 2019

Account number: [redacted] 1868

**ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | |
|---|---|
| Beginning balance on April 1, 2019 | $0.00 |
| Deposits and other credits | 0.00 |
| Withdrawals and other debits | -0.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on April 30, 2019** | **$0.00** |

\# of deposits/credits: 0

\# of withdrawals/debits: 0

\# of items-previous cycle[1]: 0

\# of days in cycle: 30

Average ledger balance: $0.00

[1]*Includes checks paid,deposited items&other debits*

Bank of America **Business Advantage**

THE POWER TO
build a thriving business

During National Small Business Week and throughout the month of May, we're celebrating the dedication of small business owners and their commitment to achieving success.

Join in the conversation with other business owners by visiting the Small Business Community at **bankofamerica.com/SBcelebrate**.

SSM-11-18-0541.B | ARQSHKBM

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- Tell us your name and account number.
- Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

**Bank of America, N.A. Member FDIC and Equal Housing Lender**

Bank of America

Your checking account

ARMEN DAVIDIAN SOLE PROP | Account # [redacted] 1868 | April 1, 2019 to April 30, 2019

As of 03/12/2019, your account has earned $3.80 in Cash Rewards this year and $3.80 since enrolling in the Bank of America Relationship Rewards program because of your Bank of America Merchant Services processing.

## Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 03/29/19. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

- ○ $250+ in new net purchases on a linked Business debit card
- ○ $250+ in new net purchases on a linked Business credit card
- ○ $3,000+ minimum daily balance in primary checking account
- ○ $5,000+ average monthly balance in primary checking account
- ○ $15,000+ combined average monthly balance in linked business accounts
- ✓ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

Bank of America **Business Advantage** LIFE / BETTER CONNECTED®

Your Digital Tip

Dreading the shredding?

Go paperless—stop storing or shredding old statements. Enjoy the convenience online access offers.

Enroll today by logging in to Online Banking at **bankofamerica.com/smallbusiness**.
Then click on **Profiles & Settings** (in the upper right, next to **Sign Out**).

©2018 Bank of America Corporation | ARG4G3KD | SSM-04-18-0041.B

This page intentionally left blank

Bank of America

P.O. Box 15284
Wilmington, DE 19850

Business Advantage
Relationship Rewards

**Customer service information**

1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

# Your Business Fundamentals Checking Relationship Rewards Platinum Honors

for May 1, 2019 to May 31, 2019

Account number: [redacted] 1868

**ARMEN DAVIDIAN SOLE PROP DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | |
|---|---|
| Beginning balance on May 1, 2019 | $0.00 |
| Deposits and other credits | 0.00 |
| Withdrawals and other debits | -0.00 |
| Checks | -0.00 |
| Service fees | -0.00 |
| **Ending balance on May 31, 2019** | **$0.00** |

# of deposits/credits: 0
# of withdrawals/debits: 0
# of items-previous cycle[1]: 0
# of days in cycle: 31
Average ledger balance: $0.00
[1]*Includes checks paid,deposited items&other debits*

Bank of America **Business Advantage**

What's on your mind?

Business owners like you can join the Bank of America® Advisory Panel to help us understand what you like and don't like. Enter code **SBDD** at **bankofamerica.com/AdvisoryPanel** to learn more and join.

Inclusion on the Advisory Panel subject to qualifications.

SSM-01-19-2128.D1 | ARG377KX